JOHN R. PAUL ET AL. *v*. BOARD OF ZONING APPEALS OF THE CITY OF NEW HAVEN ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued November 3, 1954—decided January 4, 1955

*Charles G. Albom,* with whom, on the brief, was *Harold E. Alprovis,* for the appellant (defendant Development Sales Corporation).

*John Q. Tilson, Jr.,* with whom was *Charles N. Schenck III,* for the appellees (plaintiffs).

Wynne, J.   The defendant Development Sales Corporation, hereinafter referred to as the owner, appealed to the defendant board of zoning appeals of New Haven from the refusal of the building inspector to grant a building permit for the use of a portion of the basement of an apartment house for three suites of doctors' offices.  The board overruled the inspector, and the plaintiffs, who are nearby residents and landowners, appealed to the Court of Common Pleas.  From a judgment sustaining the appeal, the owner has appealed to this court.

Succinctly stated, the issue is whether the board of zoning appeals acted arbitrarily, illegally or in abuse of its discretion by granting a variance under

the zoning ordinance of New Haven to permit doctors' offices in a residence zone.

The facts before the board may be stated as follows: This proceeding originated on December 3, 1953. The building inspector of New Haven had refused to grant a building permit to use a portion of the basement of an apartment house under construction at 570-576 Whitney Avenue for offices for three physicians. The apartment house is two stories high in front and has thirty-six apartments. It is in a residence AA zone, in which the zoning regulations do not expressly permit physicians' offices. With the exception of two offices maintained by a physician and a chiropractor in their private homes, there are no professional offices within a radius of approximately one-half mile in any direction. None of the apartment houses in the area contain professional offices.

Under § 1033 (7) of the New Haven zoning ordinance, the board of zoning appeals may in an appropriate case, after notice and hearing and subject to appropriate conditions and safeguards, determine and vary the application of the regulations in harmony with their general purpose and intent where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the ordinance or where the effect of the application of the ordinance is arbitrary. This can only be done in harmony with the general purpose and intent of the zoning ordinance so that the public health, safety and general welfare may be secured and substantial justice done. The owner did not specifically ask for a variance. On the face of its application for a permit, the ruling of the building inspector was correct because professional offices of the kind the owner sought permission for are not

allowed in an AA residence district. New Haven Zoning Ordinance, §§ 1012, 1011 (1951). The case, however, has been treated as an application for a variance, and we shall consider it as such.

The plaintiffs' appeal from the action of the board in granting the variance must be sustained if it appears that the board acted arbitrarily or illegally or abused its discretion. We have repeatedly held that the power to grant a variance must be sparingly exercised. *Misuk* v. *Zoning Board of Appeals,* 138 Conn. 477, 480, 86 A.2d 180; *Piccirillo* v. *Board of Appeals on Zoning,* 139 Conn. 116, 120, 90 A.2d 647. The record before the board is barren of any evidence of practical difficulty or unnecessary hardship upon the owner if the permit is not issued. A reasonable basis for a conclusion of difficulty or hardship is indispensable to the owner's case. The most that can be said is that the space in which the owner proposed to construct the professional offices will be unoccupied and useless unless the owner's request is granted and that, therefore, the owner will suffer a pecuniary loss. A pecuniary loss does not furnish the unnecessary hardship or practical difficulty contemplated by the zoning ordinance. *Farr* v. *Zoning Board of Appeals,* 139 Conn. 577, 585, 95 A.2d 792. The case at bar is very similar to *Heady* v. *Zoning Board of Appeals,* 139 Conn. 463, 94 A.2d 789. In that case we said (p. 467): "It was to the defendant's financial advantage to convert his Cherry Street property into an office building. This did not warrant a relaxation of the zoning regulations on the ground of practical difficulty or unnecessary hardship."

The owner makes the claim that the provision of the ordinance empowering the board to grant a variance where the effect of the application of the ordi-

nance is arbitrary is really controlling. The contention is made that because the ordinance does not provide for doctors' offices in residence zones, ready access to doctors is prevented in cases of emergency. "Arbitrary" means "[d]epending on will or discretion," that is, not governed by any fixed rules or standards. Webster's New International Dictionary (2d Ed.). Certainly the strict application of the rules set forth in a zoning ordinance could not be held to be arbitrary within the definition quoted. The question whether provision should be made for the location of doctors' offices in residence zones is one of legislative policy.

The trial court was correct in sustaining the plaintiffs' appeal from the action of the board.

There is no error.

In this opinion the other judges concurred.