JOHN J. HLAVATI v. BOARD OF ADJUSTMENT OF THE CITY OF NEW BRITAIN ET AL.

BALDWIN, O'SULLIVAN, WYNNE, DALY and PHILLIPS, Js.

Argued June 15—decided July 29, 1955

*Joseph E. Klau* and *David M. Shea,* with whom, on the brief, were *John M. Bailey* and *Alfred F. Wechsler,* for the appellant (plaintiff).

*Irving S. Ribicoff,* with whom, on the brief, were *Leo V. Gaffney, Louise H. Hunt,* and *Norris L. O'Neill,* for the appellee (defendant First National Stores, Inc.) ; on the brief also was *John L. Ericson,* for the appellees (named defendant et al.).

WYNNE, J. This is an appeal from a judgment of the Court of Common Pleas dismissing the plaintiff's appeal from the board of adjustment of New Britain. This body granted a special exception to First National Stores, Inc., to allow the sale of beer under a grocery store beer permit at a new location in New Britain.

The facts are as follows: First National Stores, Inc., hereinafter called the defendant, petitioned for a special exception to allow the sale of beer under a grocery store beer permit at 703 West Main Street, New Britain. The defendant had moved to this address from 445 West Main Street, where it had held such a permit. The new premises were more than 750 feet from the old and were within 1500 feet of the premises of a holder of a grocery store beer permit. Consequently, the new premises did not qualify for a transfer under the zoning ordinance. New

Britain Zoning Ordinances, § 11A (1953). On September 8, 1953, a hearing was held on the defendant's petition. On October 1, 1953, at an executive session, the board of adjustment granted a special exception. On January 20, 1954, the common council of the city adopted a resolution approving the granting of the special exception, and this action was approved by the mayor. On April 12, 1954, after the present appeal to the Court of Common Pleas was taken, the board of adjustment amended its minutes to include its reasons for its action.

In addition to the foregoing facts, it was stipulated in court that both the old and the new location of the defendant are in a business B zone, where grocery store beer permits are expressly allowed. It was also conceded that the members of the board of adjustment had personal knowledge of both locations.

The basic question is whether the board of adjustment acted arbitrarily, illegally or in abuse of its discretion. The plaintiff's first claim is that the defendant's petition was in reality a request for a variance and that the board erred in treating it as a petition for a special exception. In New Britain, the common council of the city is the zoning authority. 19 Spec. Laws 1068, § 26. It adopted a zoning ordinance on September 16, 1925. New Britain Zoning Ordinances (1953). The act establishing the common council as the zoning authority was amended in 1931. The amendment gave to it power by ordinance to permit the board of adjustment to grant special exceptions to the terms of the zoning ordinance as to use of property in the several zoning districts of the city in all cases in which the conditions of real estate relating to zoning are not the same or substantially the same throughout the entire zoning district, or if

the strict execution of the law presents practical difficulties, or if by reason of growth, change, development or other circumstances the granting of the exception shall, in the judgment of the board, be not detrimental to the zoning district or to a contiguous district. 21 Spec. Laws 193, § 26. An appeal from the decision of the board of adjustment was allowed. Ibid. The pertinent terms of the ordinance relating to exceptions are set forth in a footnote.[1]

In distinguishing a variance from an exception, we have said: "Speaking broadly, then, a variance is authority extended to the owner to use his property in a manner forbidden by the zoning enactment. An exception . . . allows him to put his property to a use which the enactment expressly permits." *Mitchell Land Co.* v. *Planning & Zoning Board of Appeals*, 140 Conn. 527, 532, 102 A.2d 316; *Service Realty Corporation* v. *Planning & Zoning Board of Appeals*, 141 Conn. 632, 636, 109 A.2d 256. The gist of

---

[1] "The Board of Adjustment may grant, subject to the approval of the common council, special exceptions to the terms of the zoning ordinance and likewise permits under such exceptions, as to . . . the use of property in the several zoning districts of the city in all cases in which the conditions of real estate relating to zoning are not substantially the same throughout the entire zoning district, or in cases where the strict execution of the law presents practical difficulties, or where by reason of growth, change, development or other circumstances, the granting of the exception or permit shall not, in the judgment of said board, be detrimental to the zoning district, nor to a contiguous district. The board of adjustment shall have power to grant such exceptions or permits, subject to such reasonable terms and conditions as said board may deem in any specific case to be appropriate or necessary, subject, however, to the approval of the Common Council. An appeal from any decision of the board of adjustment hereunder may be had as now provided by law for appeals from decisions of said board. . . . No special exception shall hereafter be effective unless granted by the Board of Adjustment and approved by the Common Council." New Britain Zoning Ordinances, § 13 (g) (3), (4) (1953).

the plaintiff's argument is that the circumstances require the application of the ordinance pertaining to the granting of variances and that the decision of the board cannot be sustained because there was no practical difficulty or unnecessary hardship involved. The zoning ordinance (§ 11A) permits the sale of alcoholic liquors in a business B or C or an industrial zone if the location is no closer than 1500 feet to another liquor outlet. It also allows a permittee using a building for the dispensing of alcoholic liquor to move his business to another location provided it is not more than 750 feet away and not less than 1500 feet from other permit premises. In the instant case, the defendant was not seeking to use its new location for a purpose not permitted by the zoning regulations. The new store was in a business B zone, where the sale of alcoholic beverages was allowed. The ordinance empowers the board, by the process of what it calls an exception, to permit the defendant to put its new store to a use allowed in the zone where it is located even though this new location is more than 750 feet from the old location and is less than 1500 feet from another liquor outlet. The ordinance authorizes such action where the board finds that by reason of growth, change, development, or other circumstances, the granting of the exception would not be detrimental to the zoning district or to a contiguous district. In short, the conditions under which the permit may be allowed are contained in the ordinance. See *Mitchell Land Co.* v. *Planning & Zoning Board of Appeals,* 140 Conn. 527, 532, 102 A.2d 316. The board acted legally in holding that the circumstances required the application of the regulations pertaining to exceptions rather than the regulations pertaining to variances, and the court, on appeal, was correct in sustaining

the action of the board on this feature of the case.

The second claim of error advanced by the plaintiff is that the record of the hearing does not support the granting of a special exception. The minutes of the hearing conducted by the board and of its executive session after the public hearing was closed were before the court. The original minutes were devoid of any statement expressing the reason why the board permitted the exception. This omission was met by a later amendment, which stated: "The reason for the granting of the petition of the First National Stores was for the general welfare of the public in that area brought about by the tremendous increase in population; and it was for their use and good as well as for the safety and convenience." The amendment in the language employed is certainly not beyond criticism. It does, however, state a reason for the board's action. That reason was the general welfare of the public in the area. It was inartificial and inept to modify the reason by saying it was brought about by "the tremendous increase in population." Even if it could be assumed that this statement meant that the need for the special exception to serve the general welfare arose from an increase in population and the consequent creation of a greater buying public, the statement remains vague. It could as logically refer to an increase in population in the city as a whole or in contiguous areas as to a population growth in the immediate neighborhood of the defendant's store. But this ineptness may be overlooked. Proceedings before an administrative board are informal. *Parsons* v. *Board of Zoning Appeals*, 140 Conn. 290, 292, 99 A.2d 149; *Saporiti* v. *Zoning Board of Appeals*, 137 Conn. 478, 482, 78 A.2d 741. It is not necessary that those who attend the public hearing in opposition to

the granting of an exception should be notified in advance of the bases upon which the board may act. Those bases are set forth in the ordinance itself. It is conceded that the board viewed the premises. An administrative board may act upon its own knowledge, provided that knowledge was properly acquired. *Jaffe* v. *State Department of Health,* 135 Conn. 339, 349, 64 A.2d 330; *Mrowka* v. *Board of Zoning Appeals,* 134 Conn. 149, 154, 55 A.2d 909. The record of the hearing before the board is brief. The circumstances, however, upon which the request for an exception was based were fully stated. The plaintiff and others appeared in opposition and gave as their reasons that a permit at the new location would offer them keener competition. There is nothing in the record to indicate that the plaintiff and those who were with him in the opposition were not accorded the opportunity of a full and fair hearing. The claim that the record does not support the conclusion of the board is without merit.

The plaintiff also assigns error in the admission in evidence in the Court of Common Pleas of the amendment to the minutes of the record of the public hearing before the board. This amendment set forth the reasons for the board's action. The amendment was not prepared until after the plaintiff had taken his appeal to the court. The plaintiff does not question the right of the board to amend its minutes. His claim is that the amendment is at variance with the facts stated in the record of the public hearing. He concedes that the board was familiar with the site and location before the hearing. As previously stated, the board was within its rights in acting upon any information which its individual members had and which had been properly obtained. The reason, based upon this information, was before

the court and complied with the requirements of the statute and ordinance under which the board acted. See *Farr* v. *Zoning Board of Appeals,* 139 Conn. 577, 584, 95 A.2d 792. The court did not err in admitting the amendment.

In this connection, the plaintiff makes a further claim that, since the ordinance requires that exceptions granted by the board of adjustment must receive the approval of the common council, the council's approval of the action of the board prior to the time that the reason for the board's action was put in its minutes was invalid. The ordinance provides that the board may grant exceptions "subject to the approval of the Common Council." New Britain Zoning Ordinances § 13(g)(3) (1953). This provision of the ordinance was adopted by virtue of 21 Spec. Laws 193, § 26. There is nothing in this special act or in the ordinance adopted pursuant to it which requires that the board shall submit the reasons for its action to the common council, or that the bases of the common council's action shall be stated or otherwise appear. The common council is a legislative body and like any legislative body can act for reasons best known to itself. The only limitations imposed upon its action are those fixed by constitutional and statutory provisions, and there are none in this state which provide that a legislative body of any kind shall state the reason for its action.

The plaintiff claims further that the court erred in refusing to admit testimony which would rebut the reasons stated by the board for its action in granting the exception. Under § 286c of the 1953 Cumulative Supplement to the General Statutes, the court on appeal must review the proceedings of the board, and if it appears to the court that testimony is neces-

sary for the equitable disposition of the appeal, it may take evidence. It is conceded that in the present case the board acted upon its own knowledge of the locations and the surrounding circumstances. *Parsons* v. *Board of Zoning Appeals,* 140 Conn. 290, 292, 99 A.2d 149. The court having admitted the amendment to the board's minutes, the plaintiff was entitled to show that the facts did not support the reasons given by the board for its action, to wit, "the general welfare of the public in that area brought about by the tremendous increase in population [and that] it was for their use and good as well as for the safety and convenience." The plaintiff merely stated that he desired to call a witness as to population. We have no way of knowing, from the paucity of the record, whether this testimony, if offered, would have supported his claim, and we cannot say that the court's ruling was harmful. The plaintiff, in connection with his offer, should have stated enough of the proposed testimony to show what the offer would have tended to prove. *State* v. *Manganella,* 113 Conn. 209, 217, 155 A. 74; *Tefft* v. *New York, N.H. & H.R. Co.,* 116 Conn. 127, 135, 163 A. 762. We cannot say that the court abused its discretion in refusing to hear the additional testimony. See *Cohen* v. *Board of Appeals on Zoning,* 139 Conn. 450, 454, 94 A.2d 793; *Hoffman* v. *Kelly,* 138 Conn. 614, 618, 88 A.2d 382.

There is no error.

In this opinion the other judges concurred.