## Michael Devaney et al. *v.* Board of Zoning Appeals of the City of New Haven et al.

Inglis, C. J., Baldwin, Wynne and Daly, Js.[1]

Argued March 6—decided April 18, 1956

*Richard T. Mokrzynski,* for the appellants (plaintiffs).

[1] By agreement of counsel the case was argued before and decided by four judges.

*Julius Maretz,* with whom were *John J. Johnson* and, on the brief, *Arthur H. Healey* and *Elliott R. Katz,* for the appellees (defendants).

DALY, J. The plaintiffs appealed to the Court of Common Pleas from the action of the named defendant, hereinafter called the board, in granting an application for a variance of the zoning ordinance of the city of New Haven. This appeal is taken by the plaintiffs from the judgment of the court affirming the action of the board and dismissing the plaintiffs' appeal.

The applicant, New Haven Post No. 47, American Legion, Inc., owns premises known as 423 Orange Street and situated at the northeast corner of Orange and Trumbull Streets in New Haven. A building thereon is used as the post's headquarters. The property is in a residence B zone. It is in the center of a group of eighty-six medical and dental offices. In a residence B zone, only the uses of property specified in § 1013 of the zoning ordinance are permitted.[2] The applicant sought a variance permitting the use of part of its property for a private parking place. It proposed to rent part of its premises to certain physicians and dentists, whose offices are in the neighborhood, for the daytime parking of thirty to forty cars owned by them, their employees and their patients. In addition, permission for the use of the parking space by members of the post on the evenings of its meetings was

---

[2] "Sec. 1013. In a Residence 'B' District a building may be erected, altered, arranged, designed or used, and a lot or premises may be used, for any of the following purposes and for no other: 1. Any building or use permitted in Residence 'AA' District. 2. Two-family detached dwelling. 3. Boarding house. 4. One or two-family attached dwelling where there is an alley in the rear. 5. Hotel having thirty or more sleeping rooms."

requested. At the public hearing held by the board, it was testified that because of the lack of parking space automobiles often remained standing in the middle of a street, with resulting traffic jams in the area, while infirm patients, some on crutches or with casts, tottered from or into the cars. Several neighboring landowners and tenants indicated that they were in favor of the granting of the application. The plaintiffs, owners of properties in the neighborhood, opposed it. A nearby parcel owned by some of them is used as a funeral home, a variance to permit that use having been granted.

The board concluded that the proposed use of the space would not only tend to relieve the bottleneck at the corner of Trumbull and Orange Streets which prevents the free flow of traffic but also would afford greatly needed parking facilities for neighboring physicians and dentists; that a denial of permission to use the space for private parking would make the effect of the application of the ordinance arbitrary; that the appearance and value of neighboring property would not be affected except possibly from an esthetic standpoint; that the safety and general welfare of neighbors would be secured by avoidance of a traffic hazard; and that the granting of the variance was warranted under the provisions of subdivision (7) of § 1033 of the zoning ordinance.

In one of their assignments of error the plaintiffs claim that the trial court erred in excluding testimony offered by them. In offering the testimony, they stated that the purpose was to prove that there had been a material change in the availability of parking space in the area in question since the date of the hearing before the board. "[A]n appeal from an administrative tribunal should ordinarily be determined on the record made before that tribunal,

and only when that record fails to present the hearing in sufficient scope to determine the merit of the appeal or when some extraordinary reason requires it should the court hear evidence." *Beach* v. *Planning & Zoning Commission*, 141 Conn. 79, 80, 103 A.2d 814. The question whether additional testimony shall be taken by the court upon appeal calls for an exercise of the court's legal discretion, and it does not appear that its discretion was abused in this case. *Hlavati* v. *Board of Adjustment*, 142 Conn. 659, 668, 116 A.2d 504.

Subdivision (7) of § 1033 of the ordinance authorizes the board in a specific case to vary any provision of it in harmony with its general purpose and intent so that the public health, safety and general welfare may be secured and substantial justice done "[w]here there are practical difficulties or unnecessary hardships" or "where the effect of the application of the Ordinance is arbitrary." The power and function of the board can be called into operation if one or the other of two conditions is found to exist, that is, if the strict application of the ordinance is arbitrary or if practical difficulties or unnecessary hardships result. *McMahon* v. *Board of Zoning Appeals*, 140 Conn. 433, 440, 101 A.2d 284. The question for our determination is whether the board was justified in granting the variance, as it did, upon the ground that the effect of the application of the ordinance is arbitrary.

"We have frequently asserted, as a fundamental proposition, that the decisions of zoning authorities are to be overruled only when it is found that they have not acted fairly, with proper motives, and upon valid reasons. *Mallory* v. *West Hartford*, 138 Conn. 497, 505, 86 A.2d 668; *First National Bank & Trust Co.* v. *Zoning Board of Appeals*, 126 Conn.

228, 237, 10 A.2d 691. 'Where it appears that an honest judgment has been reasonably and fairly exercised after a full hearing, courts should be cautious about disturbing the decision of the local authority.' *Kutcher* v. *Town Planning Commission,* 138 Conn. 705, 710, 88 A.2d 538. The burden of overthrowing the decision of [the board of zoning appeals] rests squarely upon the plaintiffs. *DeFelice* v. *Zoning Board of Appeals,* 130 Conn. 156, 164, 32 A.2d 635; *Perdue* v. *Zoning Board of Appeals,* 118 Conn. 174, 178, 171 A. 26." *McMahon* v. *Board of Zoning Appeals,* supra, 438; *Plumb* v. *Board of Zoning Appeals,* 141 Conn. 595, 599, 108 A.2d 899. "Zoning ordinances are in derogation of the right of private property, and where exemptions appear in favor of the property owner, they should be liberally construed in favor of such owner." *In re W. P. Rose Builders Supply Co.,* 202 N.C. 496, 500, 163 S.E. 462; *Langbein* v. *Board of Zoning Appeals,* 135 Conn. 575, 580, 67 A.2d 5. While the discretion of a zoning board of appeals must be exercised with skill, sound judgment and probity, it is necessarily a liberal discretion. *First National Bank & Trust Co.* v. *Zoning Board of Appeals,* 126 Conn. 228, 237, 10 A.2d 691.

The claim of the plaintiffs that the board exceeded its authority in considering the extent and urgency of the need for additional parking space is without merit. Subdivision (7) of § 1033 of the ordinance empowers the board to grant a variance in a specific case in harmony with the general purpose and intent of the ordinance "so that the public health, safety and general welfare may be secured."

Upon the record, we cannot say that the effect of the application of the ordinance in precluding the use of part of the applicant's property for a private

parking place is not arbitrary or that the proposed use is not in harmony with the general purpose and intent of the zoning ordinance so that the public health, safety and general welfare may be secured. Neither can we say that substantial justice will not result from the granting of the variance.

There is no error.

In this opinion BALDWIN and WYNNE, Js., concurred.

INGLIS, C. J. (dissenting). For the following reasons I am unable to agree with the majority. Under § 1033 (7) of the New Haven ordinance, no variance may be granted unless one of two conditions is satisfied. These conditions are (1) that there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the ordinance, and (2) that the effect of the application of the ordinance is arbitrary. It is only after the board of zoning appeals has in reason determined that at least one of these conditions exists that the board should consider whether the granting of the requested variance accords with the public welfare. In other words, the fact that the granting of the variance will promote public welfare—for instance, by relieving traffic congestion—does not by itself warrant the variance unless one of the two conditions just recited obtains.

In the present case, it is not contended that the strict application of the ordinance presents any practical difficulty or causes any unnecessary hardship to the applicant. If, therefore, the granting of the variance is to be supported, it must be on the ground that the application of the ordinance to the property in question is arbitrary. The word "arbitrary" as used in the ordinance means despotic and

capricious, that is, without reason. See Webster's New International Dictionary (2d Ed.). Accordingly, the phrase "where the effect of the application of the Ordinance is arbitrary" is designed to cover those rare situations in which no real reason exists for applying to some particular property the restrictions upon its use which are imposed by the ordinance on property generally in the same zone.

One of the purposes of zoning is the stabilization of property values. The reason for prohibiting the parking of automobiles in large numbers on lots in residence zones is that, if such parking were permitted, adjacent property would depreciate. That reason applies with as much force to the land here in question as it does to any other land zoned residence B. Since there is sufficient reason for the prohibition of the use of the applicant's land for parking, the board could not reasonably conclude that the application of the zoning ordinance to this land was arbitrary. See *Paul* v. *Board of Zoning Appeals,* 142 Conn. 40, 44, 110 A.2d 619. It follows that in granting the variance the board acted unreasonably and illegally.