[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the East Hartford Planning and Zoning Commission (hereinafter the CT Page 3592 "Commission") granting an excavation/fill permit to the Mt. Carmel-St. Cristina Society (hereinafter the "Society") for its property located at 30 Old Roberts Street, East Hartford.
On or about May 10, 1989, the Society filed an application with the Commission for an excavation/fill permit pursuant to Section 261.1 of the East Hartford Zoning Regulations; the application requested a permit for the removal of 180 cubic yards of topsoil at its Old Roberts Street property for the stated purposes of cleaning the area around the property and replacing the topsoil with gravel and other materials for the installation of horseshoe pits and bocci courts.[1] A hearing on the application was noticed for, and held on, June 14, 1989, at which time plaintiff, an abutting owner, appeared with counsel and opposed the granting of the permit.[2] Following the public hearing, the Commission approved the Society's application upon thirteen specified conditions.[3] The Commission stated as its reasons for its approval of the application, the following: (1) the proposal would promote the health, safety, and general welfare of the community; (2) it is for the betterment of the community; and, (3) it will provide an aesthetic improvement to the area.
Plaintiff filed this appeal July 10, 1989; she alleges that the Commission, in granting the excavation/fill permit, acted illegally, arbitrarily, and in abuse of its administrative discretion, in that: (1) the decision to grant the permit was contrary to the weight of the evidence presented at the public hearing; (2) the Commission disregarded its own regulations in granting the permit; (3) the application did not meet all of the requirements set forth in the Regulations (Sections 263.2 and 263.3), or the requirements of the Town Engineering Department; (4) the Commission lacked authority to approve the application since it involved a non-conforming use; (5) the approval by the Commission constituted an enlargement or extension of an existing non-conforming use; and, (6) the Commission failed to consider the adverse impact upon traffic, parking, noise, and the safety of the area as part of the approval of the application.
I. Jurisdiction
a. Aggrievement
Plaintiff has alleged that she is a resident of the Town of East Hartford and is the owner of real property known as 18 Old Roberts Street which abuts the subject property (30 Old Roberts Street).[4] An evidentiary proceeding was conducted before this court during which plaintiff testified that she has been the owner of 18 Old Roberts Street for five years, and that her land abuts the property of the Society. General Statutes CT Page 3593 Section 8-8 (a) provides, in pertinent part: ". . .any person owning land which abuts . . . the land involved in any decision . . . may, within fifteen days from the date when notice of such decision was published in a newspaper . . . take an appeal to the superior court . . ."[5] Plaintiff has established statutory aggrievement; this Court has jurisdiction to consider the merits of the instant appeal.
b. Timeliness
Notice of the Commission's decision was published on June 24, 1989. The Commission has included in the return of record the affidavit of publication of its decision.
On June 30, 1989, plaintiff served the Chairman of the Commission and the Town Clerk of East Hartford. Plaintiff commenced this appeal within the requisite fifteen days after publication of the Commission's decision and, therefore, the appeal is timely.
II. Standard of Review
The court's proper function on an appeal from the decision of a local zoning authority is exceedingly limited; it is simply to review the administrative record and decide whether the local authority acted arbitrarily, illegally, or in abuse of its administrative discretion. Whittaker v. Zoning Board Of Appeals, 179 Conn. 650, 654 (1980); Tazza v. Planning and Zoning Commission, 164 Conn. 187, 191 (1972). "`The trial court may not substitute its judgment for the wide and liberal discretion vested in the local authority when acting within its prescribed legislative powers . . . the court may grant relief on appeal only where the local authority has acted illegally or arbitrarily or has abused its discretion.'" Frito-Lay, Inc. v. Planning and zoning Commission, 206 Conn. 554, 572-73 (1988), quoting Raybestos-Manhattan, Inc. v. Planning and Zoning Commission,186 Conn. 466, 469-70 (1982). Determinations of local zoning authorities are not to be overturned unless it is found that the Commission has acted unfairly, without proper motives, and upon invalid reasons. Devaney v. Zoning Board of Appeals, 143 Conn. 322,325 (1956); Mallory v. West Hartford, 138 Conn. 497, 505
(1952). The conclusions reached by the Commission must be upheld if those conclusions are reasonably supported by the record returned to the court; additionally, it is fundamental that the credibility of witnesses and the determination of issues of fact are matters solely within the province of the administrative tribunal. Burnham v. Planning and Zoning Commission, 189 Conn. 261, 265 (1983). "The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision CT Page 3594 reached." Id. at p. 265. Thus, where it appears that an honest judgment has been reasonably and fairly exercised after a full hearing, courts should be cautious about disturbing the decision of a local commission. Whittaker v. Zoning Board of Appeals, supra; Kutcher v. Town Planning Commission, 138 Conn. 705, 710
(1952). "The action of the commission should be sustained if even one of the stated reasons is sufficient to support it." Burnham v. Planning and Zoning Commission, supra at p. 265. Since zoning questions involve circumstances and conditions, peculiarly within the knowledge of the zoning authorities, the solutions are properly within the province of those local boards; Levinsky v. Zoning Commission, 144 Conn. 117 (1965); and, because the local zoning authority is closer to the circumstances and conditions which have created the problem, and which shape its solution, the local board should be given wide discretion in determining public need and the means of meeting it — the zoning authority's knowledge, familiarity with the situation, and wide discretion must be afforded deference by a reviewing court. Fedorich v. Zoning Board of Appeals, 178 Conn. 610,613-14 (1979).
Where the zoning authority has stated the reason(s) for its decision, the court should consider only whether the assigned grounds find reasonable support from the established record. Fedorich v. Zoning Board of Appeals, supra. If the zoning authority did not state on the record the reason(s) for its action, "the trial court must search the record to find a basis for the action taken." A.P. and W. Holding Corporation v. Planning and Zoning Board, 167 Conn. 182, 186 (1974); see also: Gagnon v. Inland Wetlands and Watercourses Commission, 213 Conn. 604,607-08 (1990. And, of course, in this type of proceeding, "`[t]he burden of proof to demonstrate that the board acted improperly is on the plaintiff.'" Adolphson v. Zoning Board of Appeals, 179 Conn. 650, 654 (1980).
III. Merits
Plaintiff alleges six grounds on which she contends that the Commission's determination was arbitrary, illegal, and in abuse of its discretion.[6] Plaintiff contends, initially, that the decision of the Commission was contrary to the weight of the evidence presented at the public hearing on the Society's application. Specifically, plaintiff asserts that there was no showing before the Commission that the Society existed as a non-profit organization, and, additionally, that the Commission failed to consider the adverse impact approval of the application would have on the traffic, parking, noise, and safety of the area. However, as stated above, the court's scope of review in this type of proceeding is greatly circumscribed, and the administrative action of the Commission must be upheld "if CT Page 3595 even one of the stated reasons is sufficient to support it." Burnham v. Planning and Zoning Commission, supra at p. 265.
Section 265.1 of the Regulations states, in pertinent part, that "[t]he Planning and Zoning Commission in considering and reviewing the application and in arriving at its decision, and the Director of Public Works in supervising and inspecting the operation of soil removal or filling or grading, shall be guided and take into consideration the public health, safety and general welfare. . ." (Emphasis added). At the public hearing, a member of the Society testified that the area which constituted the subject of the excavation permit consisted of "poison ivy, burrs, general rubbish, [and] brush. . ." A Professional Engineer testified at the hearing that: "[w]hat will be done with the earthen materials that will be generated — a berm will be constructed [at the] . . rear portion and this berm is to prevent dumping of material . . . unfortunately . . . people that . . . have material — surplus material — to dispose of have used this site to [to dispose of] . . it to the rear of the premises [and] . . the berm would be used to discourage that practice." It is, of course, true that there was testimony presented by opponents of the application regarding noise and general commotion generated by activities on the Society's property; however, representatives of the Society testified that the bocci courts and horseshoe pit would be used only six times a year, and then only during daylight. After hearing all of the evidence, and weighing it, the Commission found that the application should be granted as it was "for the betterment of the health and welfare of the area, and would be a site improvement for the area." Clearly, the record reflects factual information from which the Commission could have reasonably concluded that the application should be granted for the improvement of the public health, safety, and general welfare. It was within the administrative authority of the Commission to determine what testimony to accept, or reject, and to decide what weight was to be given any evidence presented at the hearing; as stated heretofore, this court is not permitted to substitute its judgment for that of the zoning tribunal. On the record established before the Commission, this court is unable to conclude that the decision was unsupported by evidence presented at the public hearing.
Plaintiff next maintains that the Society's application for the excavation/fill permit did not comply with the requirements of Sections 263.2 and 263.3 in that the topographic map supplied by the Society lacked five of the seventeen specifications; thus, plaintiff argues, the Society's application was defective, and the Commission's granting of the defective application was illegal and an abuse of the Commission's discretion. CT Page 3596
Section 263.2 provides that along with the application "there shall be filed a topographic map in triplicate of the land upon which the proposed soil moving operations are to be conducted. . . ." Section 263.2 then lists seventeen specifications the map should contain. Section 263.3 ("Typed Narrative — Section shall be included on Topographic Map") lists another ten specifications to be written on the map. Furthermore, Section 263.5 provides that "the Town Planner shall determine if the application is in form and complete as prescribed in Section 263 hereof." The Commission, in this appeal, does not contend that the Society complied with all the requirements of Sections 263.2 and 263.3. The Commission does maintain, however, that the Society's application was in material compliance with the regulations and, therefore, not fatally defective.
In discussing the standard of review of a zoning authority's action, the Connecticut Supreme Court has stated, "when reviewing the actions of the Commission to determine if its findings complied with the standards set out in the regulations, we are not compelled to indulge in a microscopic search for technical infirmities . . . The determination of what the public interest requires is within the discretion of the Commission . . ." McCrann v. Planning and Zoning Commission,161 Conn. 65, 71 (1971). "Courts must be scrupulous not to hamper the legitimate activities of civic administrative boards by indulging in a microscopic search for technical infirmities in their action." Silver Lane Pickle Company v. Zoning Board of Appeals, 143 Conn. 316, 319 (1956).
At the conclusion of the public hearing, plaintiff, though counsel, brought to the attention of the Commission that Section 263.2a thru c, e, h were not complied with on the engineer's map submitted with the application.[7] Of the seventeen sub-paragraphs contained in Section 263.2, plaintiff, in this proceeding, claims non-compliance with the following terms:
 Section 263.2a: "The dimension of the land and the lot and block number of the land of each lot surrounding the land and within 200 feet thereof as shown on the last tax assessment map for the Town . . ." Section 263.2b: "The present grade of a 50 foot grid layout with contour lines at two foot levels up to and including 5 acres, or for more than five acres, 100 foot grids with contour lines at 5 foot levels . . ." Section 263.2c: "The existing elevations of all buildings, structures, streets, streams, bodies of CT Page 3597 water and water courses, natural or artificial." Section 263.2e: "All wooded areas and rock outcrops." Section 263.2h: "The average depth of the topsoil as determined by taking borings in the approximate center of each 100 foot grid."
Plaintiff argues, absent any citations of supporting authorities, that the applicant's (Society's) failure to adhere strictly to the Sections 263.2 and 263.3 requirements rendered the application defective, thereby constituting a basis for the setting aside of the Commission's decision. In this court's view, however, given the entire administrative record, the specifications claimed to be missing from the engineer's map, submitted with the application, amount to simply "mere technical infirmities;" they do not, in my view, rise to a level supporting a conclusion that the Commission acted arbitrarily, illegally, or in abuse of its discretion. The map submitted by the Society is a detailed one prepared by Joseph Cosentino, Civil Engineer, West Hartford; Mr. Cosentino testified at length at the public hearing explaining in detail the specifics of the Society's proposal. The engineer was available at the hearing to respond to inquiries regarding all technical aspects of the proposal and, in fact, did address a number of questions and technical issues raised with him by Commission members. The Commission, after weighing all of the data provided at the public hearing, granted the Society's application, imposing some thirteen conditions, certain of which involved engineering aspects of the proposal. There is no indication that the members of the Commission (or the members of the community) were, in any way, impaired or misled by the claimed technical infirmities in this application, or that all interested persons did not know on what basis the Commission made its decision. Thus, on the facts presented, the omissions from the engineer's map did not result in illegal or arbitrary action on the part of the Commission. cf. McCrann v. Town Planning Zoning Commission, supra at p. 70-71.
Plaintiff further maintains that any change in the character of the applicant, or the land, would constitute an illegal extension of a non-conforming use. Hyatt v. Zoning Board of Appeals, 163 Conn. 379 (1973). Thus, plaintiff asserts, the action of the commission in approving the application amounted to an illegal extension of a non-conforming use.
"The legality of an extension of a non-conforming use is essentially a question of fact." Helicopter Associates, Inc. v. Stamford, 201 Conn. 700, 716 (1986). A mere increase in the amount of business done, or an increase in the intensity or, degree of the original non-conforming use, is not a change in CT Page 3598 the nature or character of the use and, thus, is not an illegal expansion of the non-conforming use. Cummings v. Tripp,204 Conn. 67, 96 (1987). "A change in the character of a use, however, does constitute an unlawful extension of the prior use." Helicopter Associates, Inc. v. Stamford, supra at p. 716. The burden of proving that the defendant's activities constituted an illegal extension of a non-conforming use rests on plaintiff. Cummings v. Tripp, supra at p. 96.
The record reflects the following salient facts. The property in question is located in an R3 Zone. On March 31, 1966, Harold and Ethel Kennedy owned the subject property. On the same date, the Kennedys applied for a special use permit to allow on the property a "religious shrine and Society Meeting, place of social activities and festival celebrations." On June 14, 1966, the Town Planning Commission approved the special use permit application. The town subsequently amended its zoning regulations thereby prohibiting establishments such as the Society in an R3 Zone and, as a result, the Society was granted "a variance-nonconforming use in 1986."
The record fairly reflects that the Society has had two bocci courts on the property and is simply seeking to relocate the bocci courts from one area of the property to another. A mere increase in the amount of business done or an increase in the intensity or degree of the original non-conforming use is not a change in the nature or character of the use, and thus
Here, the record contains facts from which the Commission reasonably could have concluded that the relocation of the bocci courts and the additional horseshoe pit was merely an intensification of the original non-conforming use as a clubhouse and social facility. Therefore, plaintiff has not satisfied the burden of proving that the Society's activity constituted a change in the character of the use. Based on the record, the Commission's action in granting the permit did not amount to an approval of an illegal extension of the non-conforming use.
IV. Conclusion
It is hereby concluded, on the entire administrative record returned to this court, that the decision of the Commission, granting the Society's application for an excavation/fill permit, was not arbitrary, illegal, or an abuse of its administrative discretion.
Accordingly, this appeal is hereby Dismissed.
MULCAHY, J. CT Page 3599