[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs have taken this appeal from a decision of the Bristol zoning board of appeals to grant a variance to the defendant, Federal Hill Co-Opportunities, Inc., for the purpose of allowing it to convert a structure which had been used as a church rectory by the defendant, St. Joseph Church Corporation, to a four family dwelling after the building's relocation to two nearby building lots owned by the church on Queen Street in Bristol which abut the plaintiffs' property. The plaintiffs' principal ground for appeal is that the evidence before the board failed to establish an unusual hardship sufficient to justify the variance as required by Section8-6(3) of the General Statutes and the Bristol zoning regulations.
The specific hardship claimed by the applicant was that an "[e]xisting historic structure will be torn down unless moved and renovated." Record item (a). Proponents of the variance at the hearing also expressed their support for the requested change because it would make home ownership possible for people in Bristol who would otherwise be unable to buy their own home by providing cooperative housing based on the so-called "limited, sweat equity model." Record item (m). Letter of Bishop Peter A. Rosazza.
The record reflects the fact that the strong public support which was expressed in favor of the proposal at the hearing and the board's unanimous approval of the application were both based on the perceived need in the community for more affordable housing. Record item j, pp. 61-62. The transcript of the board's discussion after the hearing and just prior to its vote also establishes that even though no formal reasons were stated for its decision, the members felt that the variance should be granted because the relocated building would not affect the character of the neighborhood, that it "would provide additional affordable housing [and] would save a building of historical note. . . ." Id. 61-65; Record item (1), letter from CT Page 6029 Executive Director, Bristol Community Organization.
Under the zoning regulations which were in effect at the time this appeal was taken, the land on which the rectory was to be relocated was in an R-15 zone which permitted two and three family dwellings provided they met minimum area requirements. Record item (w), Article 7, Section D12. During the pendency of this appeal new zoning regulations were adopted, effective December 21, 1990, which permit only single family dwellings in an R-15 zone (Section V A 2), and which also prohibit the granting of a use variance which would permit "[t]he number of dwelling units on a lot to exceed the maximum allowed in the zone in which the lot is located." Section XIII A 4(3).
Under the new regulations a special permit may be obtained for the conversion of "existing dwellings listed in the City's Historic Resources Inventory to professional offices and/or additional dwelling units, only in R-15 or R-10 zones." Section V A 3 t. The plaintiffs argue in their supplemental brief that since there is no claim that the rectory has ever been placed on the city's official list of historical buildings, the variance sought by the defendants under the prior regulations could not be granted under any circumstances without violating the express provisions of the regulations which are now in effect.
The plaintiffs offered evidence at the hearing on the question of aggrievement showing that their property abuts the land on which the rectory is to be relocated. Under Section8-8a of the General Statutes, therefore, they are automatically aggrieved and have standing to prosecute this appeal without the necessity of proving some other personal interest in the outcome of the litigation. Aitken v. Zoning Board of Appeals,18 Conn. App. 195, 198.
A zoning board of appeals has the power to grant a variance under Section 8-6 (3) of the General Statutes where two basic conditions are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Smith v. Zoning Board of Appeals, 174 Conn. 323, 326. "It is well settled that the hardship must be different in kind from that generally affecting properties in the same zoning district, and must arise from circumstances or conditions beyond the control of the property owner." Id. at 327.
Where the board does not state its reasons for granting a variance, the court must search the record and attempt to CT Page 6030 find some basis for the action taken. Ward v. Zoning Board of Appeals, 153 Conn. 141, 144. A reasonable basis for a conclusion of difficulty or hardship must be found in the record before the board in order to support its decision. Paul v. Board of Zoning Appeals, 142 Conn. 40, 43.
Where an owner or applicant seeks a variance to convert a single family dwelling to multifamily use and there is no evidence that the strict application of the zoning regulation would be confiscatory or would effectively destroy the economic utility of the property, there is no basis for a finding of exceptional difficulty or unusual hardship. Clapp v. Zoning Board of Appeals, 29 Conn. Sup. 4, 7. A finding by the board that the variance will permit the best use of the property and `will in no way change the character of the neighborhood' is also insufficient to support a finding of hardship in the legal sense. Laurel Beach Association v. Zoning Board of Appeals,166 Conn. 385, 387.
The hardship which justifies a board of appeals in granting a variance must be one which originates in the zoning ordinance itself and where the claimed hardship arises because of the actions of the applicant or the owner or both, the board lacks the power to grant a variance. See Booe v. Zoning Board of Appeals, 151 Conn. 681, 683. This is particularly true where the applicant's own claims and statement of facts in support of the granting of the variance establish that the hardship relied upon was of his own making. Hadik v. Zoning Board of Appeals,146 Conn. 737, 738.
The underlying factual circumstances which necessitated the request for a variance, as stated in the application, were the impending demolition of the rectory by St. Joseph's Church and the relocation and renovation of the building by the applicant. Record item (a). The defendants cannot now disclaim the consequences of their own actions when they were fully aware of the situation and would enjoy the benefits to be derived by the board's actions. Pollard v. Zoning Board of Appeals, 186 Conn. 32, 43.
A claimed hardship is self-created if it is the result of internal policy decisions made by the owner or applicant or changes in circumstances caused by the passage of time. Foxhall Community Citizens Association v. Board of Zoning Adjustment, 524 A.2d 759, 762 (D.C.App. 1987). In Foxhall, the court held that a church was not entitled to a zoning variance in order to sell its property for use as condominiums where the claimed hardship was created by its own internal decision making concerning its buildings. Id. 763-64. CT Page 6031
An applicant for a variance can establish a prima facie case for relief by showing undue hardship and that the variance will promote rather than harm the public interest. Anderson, American Law of Zoning, (3rd ed.) Section 20.33. However, a demonstration of public benefit from the proposed use, without proof of hardship, is insufficient to warrant the granting of a variance. Finch v. Montanari, 143 Conn. 542, 546.
The fact that an important public need exists for a particular use cannot be the sole basis for a variance because the satisfaction of that need is a question of legislative policy. Paul v. Board of Zoning Appeals, 142 Conn. 40, 44. The power to determine the needs of the community with reference to uses of property, and to legislate in such a way as to satisfy those needs, is vested exclusively in the zoning commission, and that power may not be delegated to the zoning board of appeals nor may it be exercised by the board on its own initiative. WATR v. Zoning Board of Appeals, 158 Conn. 196, 199.
Under Section 8-2 of the General Statutes, zoning commissions are empowered to promulgate regulations "with reasonable consideration for the protection of historic factors", which in fact, the Bristol zoning commission has recently done by enacting Section VA 3 t of its new regulations which allows the conversion of historically significant dwellings to professional offices or multifamily uses under its special permit procedures. The statute also provides that zoning regulations shall "encourage the development of housing opportunities for all citizens of the municipality" thereby expressly making the question of the availability of affordable housing a matter of local land use legislative policy.
An owner's desire to preserve the historical significance of a structure is not in itself sufficient to support a variance on the ground of unnecessary hardship. Downtown Neighborhoods v. Albuquerque, 783 P.2d 962, 967 (N.M.App. 1989). A variance must be granted or denied on the basis of factors peculiar to the specific property involved and not out of a generalized concern for such matters as the lack of available rental housing in the community. Capitol Hill Restoration Society, Inc. v. Board of Zoning Adjustment, 534 A.2d 939, 943
(D.C.App. 1987).
On the basis of its review of the record on this appeal the court finds that there is not sufficient evidence to support a finding of "exceptional difficulty" or "unusual hardship" within the meaning of Section 8-6 (3) of the General Statutes and that therefore the board's grant of a variance was arbitrary, illegal and in abuse of its discretion. CT Page 6032
It should also be noted that the newly enacted Bristol zoning regulations may afford an additional basis for sustaining the plaintiffs' appeal because it appears that the relief sought by the defendants would not be available to them if the current regulations concerning variances were to be applied under the rule stated in McCallum v. Inland Wetlands Commission, 196 Conn. 218.
For the foregoing reasons, judgment may enter in favor of the plaintiffs sustaining their appeal.
HAMMER, J.