[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs appeal a decision of the Norwalk Zoning Board of Appeals dated January 18, 1995 and published in The Hour, a newspaper having substantial circulation within the City of Norwalk. The publication date of the decision of the Zoning Board of Appeals was January 26, 1995. The decision granted a variance to the City of Norwalk, pursuant to the Connecticut General Statutes Sec. 8.6. This appeal is brought by the plaintiffs pursuant to the Connecticut General Statutes 8.8. CT Page 5495-AA
The following facts which are undisputed and are reflected in the record shows that on or about December 29, 1994, Kaestle Boos. Associates, Inc., as an agent for the City of Norwalk, Connecticut, applied to the Norwalk Zoning Board of Appeals seeking a variance from the side yard setback requirements for property located at 157 Perry Avenue in Norwalk, Connecticut, for the purpose of building an addition to the Silvermine Elementary School, located on said premises. The said property is owned by the City of Norwalk and is located in the AAA Residence Zone, which ordinarily requires a side yard setback of thirty feet (30'). In its variance application the City requested that the setback be reduced from the thirty foot standard, since the proposed building addition would measure 18 feet from the property line to the building wall, and 15 feet from the property line to the roof edge. The city identified its hardship as follows: "topography of site makes addition to existing school impractical in any direction except southerly. Requirements of building code prescribed the distance from the existing building that a new addition should be built."
At a public hearing held January 19, 1995, the architect for the City stated that current fire code would require separation of the addition from the original school by a fire wall assembly. If the addition was constructed immediately next to the old school building, the necessary fire wall would reduce and eliminate natural lighting in the existing classrooms. In addition, exterior access would no longer be available to these existing classrooms if the addition was built immediately next to the existing building.
The plaintiff's appeared at the January 19, 1995 zoning hearing through their legal counsel, and objected to the granting of the variance on the south side of the premises as they felt it would adversely affect the adjoining parcels of property.
In rebuttal Mr. Vincent Amrheim, while admitting that the proposed school addition could be built on the west side of the school property, it would be much more difficult due to the topography of the land, and encroachment into the existing school playing fields which are already in the flood zones.
No financial evidence was offered by the City to compare the expense of building on the west side, as opposed to the south side.
Subsequently, during the Executive Session of the hearing of the Norwalk Zoning Board of Appeals on January 19, 1995, the motion to grant a variance to reduce the side setback from thirty feet CT Page 5495-BB (30') to fifteen feet (15') was approved.
The plaintiffs subsequently appealed the granting of said variance, and at a hearing on aggrievement before the court on May 9, 1996, they established their ownership of land abutting the subject property, (see Plaintiff's Exhibits A, B and C) by certified copies of deeds to their property. Therefore, this court finds the plaintiffs aggrieved within the meaning of Connecticut General Statutes § 8-8.
"A variance is an authorization from the zoning board of appeals to use property in a manner otherwise forbidden by the zoning regulations. Fuller, Land Use Law and Practice, Sec. 2.2 page 18, Burlington v. Jencik, 168 Conn. 506, 508, 362 A.2d 1338
(1975). By statute, a zoning board of appeals may grant a variance only when two basic requirements are satisfied: "(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." Bloomv. Zoning Board of Appeals, 233 Conn. 198, 207 (1995); C.G.S. Sec.8-6 (3).
It is well settled that the granting of a variance must be reserved for unusual or exceptional circumstances. Bloom,233 Conn. at 206-207. The applicant has the burden of proving hardship. Kelly v. Zoning Board of Appeals, 21 Conn. App. 594,599, 575 A.2d 249 (1990) Mere economic hardship or a hardship that was self-created is insufficient to justify a variance. Bloom,233 Conn. at 208.
The hardship must be different in kind from that generally affecting properties in the same zoning district, and must arise from circumstances or conditions beyond the control of the property owner. Whittaker v. Zoning Board of Appeals, 179 Conn. 650,427 A.2d 1346, 1350 (1980).
The plaintiff contends and the defendant admits that the Norwalk Zoning Board of Appeals failed to specifically state upon the record of the proceedings, the reasons for their granting of the variance. The court agrees with the defendant that the failure of the Board of Zoning Appeals to state its reasons does not invalidate its actions. Fuller, Land Use and Practice, Connecticut Practice Series (Chapter 21.8, Grillo v. Zoning Board of AppealsWest Haven, 206 Conn. 362; Ward v. Zoning Board of AppealsCT Page 5495-CCHartford, 153 Conn. 141; Hovanesian v. Zoning Board of Appeals NewBritain, 162 Conn. 43. However, where a zoning board of appeals does not formally state the reasons for its decision, the trial court must search the record for a basis of the board's decision.Connecticut Resources Recovery Authority v. Planning and ZoningCommission, 225 Conn. 731, 734, 626 A.2d 705 (1933).
In reviewing the record the court has come to the conclusion that the Board's decision in granting the variance was for aesthetic purposes and the impracticality of building the addition on the west side of the school. Although no evidence of financial expense was testified to at the hearing granting the variance, the Court finds that the concerns regarding building the addition on the west side is related to a perceived financial expense greater than locating the addition on the south side where the variance was granted.
In the absence of any evidence that the financial loss would destroy the value of the property, or that it would result in a confiscatory or arbitrary effect, then these financial considerations are irrelevant Dolan v. Zoning Board of Appeals,156 Conn. 426, 431, 242 A.2d 713 (1968). Evidence of financial disappointment alone is an insufficient basis for a variance Id. at 430.
Additionally, the record clearly indicates that while the addition could be constructed on the south side without the variance, it would result in a less aesthetically pleasing structure, as inner classrooms would lose windows and doors granting access to the outdoors, light, and fresh air. The court finds that this is a self-inflicted hardship resulting from the City's preferences, as the plaintiff contends, rather than from an application of the Zoning Regulations per se. "Personal hardships, regardless of how compelling or how far beyond the control of the individual appellant, do not provide sufficient grounds for the granting of a variance." Garibaldi vs. Zoning Board of Appeals,163 Conn. 235, 303 A.2d 743, 745 (1972).
The power to grant a variance must be sparingly exercised.Paul v. Board of Zoning Appeals, 142 Conn. 40.43, 110 A.2d 619
(1955). The hardship which justifies a variance must be one that originates in the zoning ordinance, and it must be different in kind from that generally affecting other properties in the same zoning district, Whittaker vs. Zoning Board of Appeals, 179 Conn. 650,427 A.2d 1346, 1350 (1980). The only evidence in the record CT Page 5495-DD referring to how this is different in kind from other properties in the same zoning district is a comment in the Board's minutes of the meeting was the comment by Mr. Amrheim that "the school demands more square footage than a house when an addition is made and cannot be compared to residential structures." The Court find this reasoning insufficient. The Court agrees with the plaintiffs that the City constructed the original school building and chose the layout of the school with respect to the property lines. The City offered no evidence of any change in topography or flood plains that didn't already exist when the school was built. The Court agrees that the difficulties related to building the new addition in areas other than the south side of the building are self created hardships.
The Court, in conclusion, finds that the City has other remedies and options open to it. The building of the addition on the south side of the property is possible without the variance although it may be less aesthetically pleasing. The addition can also be constructed on other sides of the property although it may be less practical, and due to topography, more expensive. The City contends that the plaintiffs have offered no evidence of a diminution of value to their use of their land. The record reflects that the plaintiffs did express concern regarding an adverse effect on the market value of their property and the aesthetic impact on the closeness of the proposed addition to the plaintiffs' bedroom view of their property. While the Court finds the plaintiffs' testimony regarding diminution in value and use of their property to be lacking in specific denial, it is no less deficient than the defendant's evidence, and no less than the reasoning stated by the Board in granting the variance.
Accordingly, for the reasons set forth, the appeal is hereby sustained. The City of Norwalk has failed to prove a hardship peculiarly affecting its land. In granting a variance, the Norwalk Zoning Board of Appeals acted illegally, arbitrarily, and in abuse of its discretion.
ARNOLD, J.