EDWARD FORBES *v.* ZONING BOARD OF APPEALS OF THE TOWN OF WEST HAVEN ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued May 5—decided June 23, 1959

*Morris W. Mendlesohn,* with whom were *Charles Henchel* and *Robert M. Vogel,* for the appellant (defendant Food Basket, Inc.), and with whom, on the brief, was *John G. Cicala,* for the appellant (defendant board).

*Herbert D. Fischer,* with whom was *Charles H. Fischer, Jr.,* for the appellee (plaintiff).

MURPHY, J. The plaintiff is the owner of a business, at 393 Campbell Avenue in West Haven, known

as the West Haven Candy Kitchen. He holds a grocery store beer permit for these premises. On November 20, 1957, the defendant board granted a variance to the defendant Food Basket, Inc., allowing it to remove its grocery store beer permit from 544 Campbell Avenue to 394 Campbell Avenue, directly opposite the plaintiff's establishment. The plaintiff appealed to the Court of Common Pleas, which reversed the action of the board, and from that judgment the defendants have appealed to this court.

The West Haven zoning regulations prohibit the use of any new location, for the sale of liquor under package store and other similar types of permits allowing the sale but not the consumption of liquor on the premises, within 1500 feet of any building in which such sale is permitted. West Haven Zoning Regs. § 26 (1) (1957). The regulations further provide that any business conducted under permits of this class may be moved despite the 1500-foot restriction if the new location is within 500 feet of the former one. Id. § 26 (2).

On November 7, 1957, Food Basket applied to the defendant board for a variance in the regulations so that it could move its permit premises to 394 Campbell Avenue, which is more than 500 feet from 544 Campbell Avenue. At the public hearing on November 20, thirteen residents of the town opposed the granting of the variance and a like number favored it. Eleven of those in favor were either owners or employees of Food Basket or their relatives. The record of the hearing disclosed that Food Basket had moved so that its supermarket would have larger premises. It sought the variance so that it could sell beer at the new premises as an accommodation to its customers. The engineer's map

showed that there were five other stores, including that of the plaintiff, selling liquor under package store or grocery store beer permits within 1500 feet of 394 Campbell Avenue. The board in granting the variance stated that the new location was peculiarly adapted to supermarket operation and that denial of the application would put Food Basket in competitive disadvantage with other supermarkets in the immediate area. It concluded that a denial would result in unnecessary hardship to Food Basket.

By agreement of counsel for all the parties, the appeal was presented and determined in the trial court on the record of the proceedings before the board. Section 15 (10) of the West Haven zoning regulations provides that the board of appeals may "[v]ary any requirement of these regulations in harmony with their general purpose and intent, so that substantial justice may be done. This authority shall be exercised in a manner to secure the public health, safety and welfare solely in instances where there are practical difficulties and unnecessary hardships in the way of carrying out the strict letter of these regulations." The board did not find that there was any practical difficulty besetting Food Basket. It found only that without a beer permit Food Basket would be at a disadvantage in competing with other supermarkets in the area. This is no more than a finding that Food Basket would sustain an economic loss in the amount of business that it would do. We have repeatedly held that financial loss or hardship is not sufficient reason for granting a variance. *Lindy's Restaurant, Inc.* v. *Zoning Board of Appeals,* 143 Conn. 620, 623, 124 A.2d 918, and cases cited. Furthermore, the removal of Food Basket to a new location was a matter of its own choice and

not one of compulsion, as in *Mabank Corporation* v. *Board of Zoning Appeals,* 143 Conn. 132, 133, 120 A.2d 149, and *Nielsen* v. *Board of Appeals on Zoning,* 129 Conn. 285, 288, 27 A.2d 392, upon which the defendants rely. The trial court correctly held that the action of the board was arbitrary, illegal and in abuse of its discretion.

After judgment had been rendered, counsel other than the one who had represented Food Basket in the trial court filed a motion to open the judgment to present evidence which, it was claimed, was material and germane to the issues in the case. After a hearing, the motion was denied. As previously stated, the case was heard upon the record before the board. That record included a stenographic report of the proceedings. The action of the court upon the motion is indicative of the fact that it did not appear to the court that additional testimony was necessary for the equitable disposition of the appeal. Rev. 1958, § 8-8. The denial of the motion was not an abuse of the court's discretion. *Village Builders, Inc.* v. *Town Plan & Zoning Commission,* 145 Conn. 218, 221, 140 A.2d 477.

There is no error.

In this opinion the other judges concurred.