THOMAS J. TARASOVIC ET AL. *v.* ZONING COMMISSION OF THE TOWN OF TRUMBULL ET AL.

KING, MURPHY, MELLITZ and SHEA, Js.[1]

[1] By agreement of counsel the case was argued before and decided by four judges.

Argued October 6—decided December 23, 1959

*Vincent M. Simko,* for the appellants (plaintiffs).

*Frank Logue,* for the appellees (named defendant et al.).

*Morton Weiss,* for the appellee (defendant Hardy).

SHEA, J. This is an appeal from a judgment of the Court of Common Pleas which affirmed the action of the zoning commission of Trumbull in changing the zoning of a tract of eleven acres from residence A-2 to commercial B-C. Zoning in Trumbull exists under the provisions of the general statutes.

Trumbull Zoning Regs., p. 1 (1956); General Statutes §§ 8-1—8-13. A master plan of development for the town was adopted in August, 1955. Its recommendations for future growth and development affect the area which is the subject of this appeal.

The land in question is owned by the defendant Peter Hardy and lies between Main Street and Church Hill Road, two major traffic arteries running north and south through the town. North of the property, Church Hill Road turns sharply to the west and intersects Main Street at right angles. At the southeast corner of this intersection, immediately north of the Hardy land, is the Trumbull town hall. There is a heavily wooded triangular parcel to the east of the town hall. Across Main Street from the Hardy tract, and directly west of it, there is an eleven-acre business zone. Near the intersection of Main Street and Church Hill Road there are a drugstore, a plumbing supply store, a cider mill, a professional building containing a branch bank, and a gasoline station. For the most part, these are nonconforming uses. The area is considered the geographical center of the town and is accessible to all the people of the town. To the west and north of the Hardy property there are no residences for a distance of at least 300 feet. The zoning commission has provided buffer zones to the east and south. No residential property, therefore, will abut any part of the land which, under the change in zone, may now be used for business.

On June 25, 1957, Hardy applied to the commission for a similar change in zone for an area of sixteen acres, the object being to erect a shopping center. The application was denied without prejudice to the right to submit a petition conforming more closely to the master plan of development.

Hardy submitted a new application, dated September 20, 1957, requesting the change for the eleven acres which are involved in this appeal. The application differed from the previous one in two important respects: the triangular parcel east of the town hall, which the master plan recommended as a site for a civic center, was excluded, and a buffer zone was provided to protect residential property on Church Hill Road. The new petition conformed, in the matter of area, almost exactly to the recommendations of the master plan. There has been a rapid increase in population in the town during the past seven years. Route 25 is to be relocated, and when this change is completed, traffic on Main Street will be relieved. All these factors were considered by the commission, which also heard testimony relating to the effect of the zone change on other property in the neighborhood. Drainage and traffic reports were studied in the light of the proposed change and the impact it would have on the entire community. After extensive deliberations, the commission voted on November 5, 1957, to approve the change as requested. From this action the plaintiffs, who are residents and taxpayers owning property in the vicinity, appealed. The issues were tried in June, 1958.

The plaintiffs claim that the court erred in refusing to hear the testimony of a real estate expert. There was no stenographic transcription or mechanical recording of the proceedings before the commission. The plaintiffs, relying on § 379d of the 1955 Cumulative Supplement (now amended by Public Acts 1959, No. 460, § 2 [General Statutes § 8-8]), asserted at the trial that they were entitled as a matter of right to introduce further evidence. A summary of the hearing before the commission was presented,

and upon inquiry by the court as to whether it was an adequate summary, counsel for the plaintiffs said it was a complete summation. He further stated that the real estate expert whose testimony the plaintiffs sought to offer was not present, nor had he testified at the hearing before the commission. The court excluded the proffered evidence.

In a number of zoning cases, we have considered the provisions of the statute relating to the introduction of evidence upon appeal to the Court of Common Pleas. *Morama Corporation* v. *Town Council,* 146 Conn. 588, 590, 153 A.2d 431; *Yurdin* v. *Town Plan & Zoning Commission,* 145 Conn. 416, 421, 143 A.2d 639; *Village Builders, Inc.* v. *Town Plan & Zoning Commission,* 145 Conn. 218, 221, 140 A.2d 477. The statute provided for the taking of evidence (1) where the record did not contain a stenographic report or a complete mechanical recording of the entire proceedings before the local agency, or (2) if upon the hearing of the appeal it appeared to the court that additional testimony was necessary for the equitable disposition of the appeal. Cum. Sup. 1955, §§ 379d, 381d; Nov. 1955 Sup. § N11 (as amended, General Statutes §§ 8-8—8-10). It is not the function of the court to pass upon the credibility of the evidence heard by the commission. *Morama Corporation* v. *Town Council,* supra, 593. An appeal from an administrative tribunal should ordinarily be determined upon the record of that tribunal, and only when that record fails to present the hearing in a manner sufficient for the determination of the merits of the appeal, or when some extraordinary reason requires it, should the court hear evidence. *Beach* v. *Planning & Zoning Commission,* 141 Conn. 79, 80, 103 A.2d 814. The question whether additional testimony should be taken

by the court calls for an exercise of the court's legal discretion. *Devaney* v. *Board of Zoning Appeals,* 143 Conn. 322, 325, 122 A.2d 303; *Hlavati* v. *Board of Adjustment,* 142 Conn. 659, 668, 116 A.2d 504.

The obvious purpose of the offer of the testimony of the real estate expert was to add to the record something which the commission did not have before it. Under the statute, this additional testimony was not admissible unless it was essential for the equitable disposition of the appeal. The matter was within- the sound discretion of the court. *Village Builders, Inc.* v. *Town Plan & Zoning Commission,* supra; *Yurdin* v. *Town Plan & Zoning Commission,* supra. The court did not err in excluding the testimony. *Forbes* v. *Zoning Board of Appeals,* 146 Conn. 547, 551, 153 A.2d 458.

The plaintiffs also assigned as error the refusal of the court to admit into evidence excerpts from the minutes of hearings of the commission held prior to 1957 and as far back as 1948. The purpose of the offer was to show inconsistent action by the commission in respect to other requested changes of zone for the Hardy tract. The plaintiffs admitted that not exactly the same area was involved, and there is nothing to indicate the type of change which was sought in the other instances. Unless the applications involved substantially the same request as the one granted here, they would furnish no criterion of the action of the commission. It is only when a subsequent application seeks substantially the same relief as that sought in a former one that such evidence should be considered. It is for the administrative agency, in the first instance, to decide whether the requested relief is substantially the same in both applications. The determination of the agency will be disturbed only if its discretion was abused.

*Fiorilla* v. *Zoning Board of Appeals,* 144 Conn. 275, 279, 129 A.2d 619. The ruling of the court was correct. Furthermore, the denial of the previous applications did not preclude the commission from acting as it did. *Winslow* v. *Zoning Board,* 143 Conn. 381, 390, 122 A.2d 789.

The principal claim of the plaintiffs is that the commission acted arbitrarily, illegally and in abuse of its discretion. The reasons given by the commission for its action were fully supported by the evidence. The area involved is situated near a busy intersection in the center of the town. Other business is conducted in the vicinity, and enlargement of the business zone is consistent with the growth in population, which has brought with it increased demands for services and a corresponding need for more business accommodations. The decision of the commission was made after a full consideration of the problems of traffic congestion, drainage and the general welfare of the community. The change is in harmony with the master plan and conforms almost exactly to it. The conclusion of the commission was an honest judgment reasonably and fairly exercised, and the court should not disturb it. *Kutcher* v. *Town Planning Commission,* 138 Conn. 705, 710, 88 A.2d 538. Courts must not, and legally cannot, substitute their own discretion for the wide and liberal discretion committed to zoning agencies. *Gordon* v. *Zoning Board,* 145 Conn. 597, 604, 145 A.2d 746; *Wade* v. *Town Plan & Zoning Commission,* 145 Conn. 592, 595, 145 A.2d 597. The plaintiffs failed to show that the action of the commission was illegal, arbitrary or in abuse of its discretion.

There is no error.

In this opinion the other judges concurred.