The plaintiff has appealed from a decision of the defendant board suspending his license for a period of two weeks.
Hearings were held on December 21, 1971, and March 14, 1972, on allegations that the plaintiff had violated §§ 20-332-15 (b) and (c) of the occupational licensing regulations promulgated by virtue of General Statutes § 20-332. The board issued its decision on April 13, 1972.
The first issue raised by the plaintiff is that the matter should be heard de novo by this court on appeal. The plaintiff claims that § 20-336 of the General Statutes and § 4-183 (a), which is part of the Uniform Administrative Procedure Act, make it mandatory that this court hear the matter de novo.
The Uniform Administrative Procedure Act, at General Statutes § 4-183 (f), provides: "The review shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court." This provision clearly provides that a review shall be confined to the record of the hearing unless the court, in its discretion, requires additional evidence in cases of alleged irregularities in procedure. Such irregularities were not claimed by the plaintiff in the instant action.
Section 20-336 provides: "After a hearing de novo said court shall affirm, modify or reverse the action of said board."
On such an appeal for a rehearing, the court decides only judicial questions involving the legality of the board's conduct as to whether the board acted arbitrarily, illegally or in abuse of its discretion, and the court's decision is arrived at on a review of the proceedings before the board. The court conducts *Page 264 
an independent inquiry of the board's conduct. It does not substitute its discretion for that vested in the board. In this sense the inquiry is de novo.DeMond v. Liquor Control Commission, 129 Conn. 642,645, 646.
Upon these appeals, the court hears and considers all pertinent matters for the purpose of reaching an intelligent conclusion as to the legal propriety of the action of the defendant board. In this qualified sense, but in no other, is the hearing one de novo. The court reads the record to determine whether the evidence and the subordinate facts justify the board's conclusion in the proper exercise of its judgment and discretion.
Section 4-183 (a)[1] does not preclude that trials de novo may not be held, but it is discretionary with the court, since the proceedings for an appeal do not transfer the entire matter to the Court of Common Pleas for a new hearing but simply involve judicial questions and the legality of the conduct of the board.
In the exercise of the power to issue and regulate permits and licenses in the conduct of the plumbing business, the defendant board is performing a public function. The legislature has imposed the duty of administering the laws relative to this power on the defendant board, which has administrative discretion. Therefore the court will review the record as to whether the action of the defendant board in suspending the plaintiff's license was within the framework of the discretion granted to it under *Page 265 
the statutes or whether its action was arbitrary, illegal or unreasonable and in abuse of the discretion vested in it; the record will not be reviewed to determine whether this court would come to the same conclusion.
The plaintiff was notified on December 7, 1971, that a hearing would be held on December 21, 1971, as the result of an investigation that he was in violation of the following sections of the regulations: "Sec. 20-332-15. . . . (b) An apprentice may perform the work for which he is being trained only in the presence and under the direct supervision of a licensed contractor or journeyman in his trade . . . . (c) . . . Any person who knowingly encourages or permits an apprentice to so engage in the work or occupation for which a license is required shall also be subject to appropriate disciplinary action. Sec. 20-332-16. (a) Any licensee who installs, performs or directs the performance of work in violation of the minimum requirements of any applicable state statute, state code, or state regulation, any municipal code or ordinance, any of these regulations, or who violates generally accepted basic trade practices shall be subject to disciplinary action by the appropriate board."
The December 21, 1971, hearing was continued to March 14, 1972. The plaintiff was represented by able counsel at the hearings. On April 13, 1972, the defendant board found that the plaintiff had violated §§ 20-332-15 (b) and (c) of the regulations, and by virtue of § 20-334 of the General Statutes it suspended the license of the plaintiff from April 24, 1972, to May 7, 1972, inclusive, citing as its reasons that the plaintiff did (1) permit apprentices to work without presence and supervision of licensed persons, and (2) wilfully employ persons who do not have a license to perform the work of plumbing. *Page 266 
The record discloses that the plaintiff knowingly employed four persons who were wilfully employed in violation of §§ 20-332-15 (b) and (c) of the regulations. The board concluded that apprentices did not work under direct supervision of licensed contractors or journeymen, and the record supports this conclusion.
The burden rested upon the plaintiff to prove that the board acted illegally and unreasonably. Rocchi
v. Zoning Board of Appeals, 157 Conn. 106, 110.
The court does not make a determination upon its own independent judgment as to both fact and law. It searches the record of the proceedings before the board to determine whether the evidence and the subordinate facts justified the board's conclusion in the proper exercise of its judgment and discretion. Therefore, if the board found that the evidence warranted a suspension, the court ought not to substitute its judgment for that of the board if the evidence fortified that conclusion. The court cannot find that the board could not have arrived at its decision on the basis of the evidence before it or that the decision was so unreasonable, arbitrary or illegal as to require judicial intervention.
The application for supersedeas granted by this court is hereby terminated.
 The appeal is dismissed.