This appeal is taken from the decision of the public utilities commission in allowing an increase in rates to the Southern New England Telephone Company.
The Southern New England Telephone Company filed a motion for disclosure and production, and the plaintiff filed a motion in objection thereto. The question presented is whether an appeal from the doings of the defendant commission is a "civil action" within the meaning of the statutes and rules authorizing discovery. General Statutes § 52-197; Practice Book § 167.
Under § 16-37 of the General Statutes, the court reviews, on a certified record, the proceedings of the commission, examines the legality of the order, authorization or decision appealed from and its propriety and expediency so far as the court has cognizance of the subject, and proceeds in the same manner as on complaints for equitable relief. The court cannot substitute its discretion for that legally vested in the commission but determines on the record whether there is a logical and rational basis for the decision of the commission or whether, in the light of the evidence, the commission has acted illegally or in abuse of its discretion. The plaintiff has the burden of proof as to the existence of any abuse. Anthony Augliera, Inc. v. Loughlin,149 Conn. 478, 481; Gimbel v. Loughlin, 28 Conn. Sup. 72,76.
The commission is an administrative agency created by the state to enforce the statutes. An appeal from such an agency is not an action within the meaning of General Statutes §§ 52-592 (accidental failure of suit) and 52-593 (suit against wrong defendant). The obvious legislative purpose of securing a prompt determination of the issues in an appeal from the orders of the commission could *Page 301 
be nullified as effectively by a resort to § 52-593 as under § 52-592. The establishment of the requirements for perfecting an appeal from the doings of the commission is the proper prerogative of the General Assembly. It is apparent from the language used that the General Assembly intended to set forth a procedure distinct from the ordinary concept of a civil action. Bank Building EquipmentCorporation v. Architectural ExaminingBoard, 153 Conn. 121, 124.
An ordinary administrative appeal such as the one in this case is record oriented; General Statutes § 16-37; an ordinary civil action is evidence oriented. The rules authorizing discovery are likewise evidence oriented. The rules of discovery are no more adapted to help a party in an ordinary administrative appeal than they are to help a party in an ordinary appeal to the Supreme Court. In both such appeals, the rights of the parties are determined by the record and not by any evidence which may thereafter be disclosed to them by discovery. Where, as here, the appeal is on the ordinary grounds that the commission's doings were arbitrary, etc., the appeal is not a "civil action" as that phrase is used in § 52-197 of the General Statutes and in § 166 of the Practice Book.
 Since the defendant company's motion is based on §