## MICHAEL IERARDI *v.* COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 276369
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed March 11, 1985

*Stawicki & Stawicki,* for the plaintiff.

*Thomas J. Ring* and *Richard Lynch,* assistant attorneys general, and *Joseph I. Lieberman,* attorney general, for the named defendant.

*Siegel, O'Connor & Kainen,* for the defendant Marlin Rockwell Corporation.

VASINGTON, J. The plaintiff has brought this appeal from a decision of the defendant commission on human rights and opportunities (CHRO) rendered on March 25, 1982, dismissing the plaintiff's claim of age discrimination against the defendant Marlin Rockwell Corporation, Division of TRW, Inc., for lack of sufficient evidence. The plaintiff's request for reconsideration, allegedly based on a finding of new and material evidence, was denied by the CHRO as untimely.

The plaintiff has filed interrogatories and requests for production on the defendants, claiming the information sought is essential to the plaintiff's appeal. The defendants have objected to the discovery, claiming that it is not proper on an administrative appeal.

On an administrative appeal to the Superior Court, "[t]he appeal shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs." General Statutes § 4-183 (f). In addition, interrogatories and requests for production may be served in an administrative appeal "where the court finds it reasonably probable that evidence outside the record will be required." Practice Book §§ 223 (a) and 228 (a) (as amended 1981); see Practice Book § 218.

In construing § 4-183 (f), the Connecticut Supreme Court has stated that "[a]n appeal from an adminis-

trative tribunal should ordinarily be determined upon the record of that tribunal, and only when that record fails to present the hearing in a manner sufficient for the determination of the merits of the appeal, or when some extraordinary reason requires it, should the court hear evidence." *Leib* v. *Board of Examiners for Nursing,* 177 Conn. 78, 92, 411 A.2d 42 (1979), quoting *Tarasovic* v. *Zoning Commission,* 147 Conn. 65, 69, 157 A.2d 103 (1959). It is in the court's discretion to take additional evidence in cases of alleged irregularities in procedure. *Blesso* v. *Board of Plumbing & Piping Examiners,* 30 Conn. Sup. 262, 263, 310 A.2d 136 (1972); see *Leib* v. *Board of Examiners for Nursing,* supra, 92–93.

Although the plaintiff's complaint has made allegations of procedural irregularities, it does not appear from an examination of the record that it is reasonably probable that evidence outside the record will be necessary for a determination of the appeal. If, however, the court which actually determines the merits of the appeal decides additional evidence will be necessary, it can order same at that time.

Accordingly, the defendants' objection to the request for interrogatories is sustained, without prejudice.