[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR PROTECTIVE ORDER
This action is an administrative appeal from the decision of the Somers Conservation Commission denying plaintiff's application to conduct "regulated activities". On September 7, 1990, the plaintiff noticed a deposition on Phillips Roland, one of the members of the Commission. On September 13, 1990, the defendant filed a motion for a protective order to prevent the deposition or, strictly limit it, because, defendant claims, an administrative appeal restricts the court's review to the record except if the court finds it reasonably probable that evidence outside the record will be required.
One of the plaintiff's claims is that the Commission predetermined his application. According to the plaintiff, the transcript of the hearing reveals that Phillips Roland, a Commission member, made a lengthy presentation in opposition to the application. We introduced 36 color slides of the property which he characterized as a "walking tour" of the subject land. The plaintiff also claims that Roland indicated that he was "representing the Commission" when he made the presentation. If true, it is more likely than not that Mr. Roland, as a member of the Commission engaged in conduct which occurred outside of regular Commission meetings and the public hearing.
The purpose of a protective order is to "protect a party from annoyance, embarrassment, oppression, or undue burden or expense." Conn. Practice Bk. Sec. 221. Upon motion by a party from whom discovery is sought, and For good cause shown, the court may order (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of discovery by limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; or (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court. Id.
Conn. Gen. Stat. Sec. 22a-43 (a) provides, in part, CT Page 645
 The commissioner or any person aggrieved by any regulation, order, decision, or action made pursuant to sections 22a-36 to 22a-45, inclusive, by the commissioner, district or municipality or any person owning or occupying land which abuts any portion of land or is within a radius of ninety feet of wetland or watercourse involved in any regulation, order, decision or action made pursuant to said sections may appeal to the superior court in accordance with the provisions of section 4-183. . .
See Conn. Pub. Acts 89-356, Sec. 9 (1989).
Conn. Gen. Stat. Sec. 4-183 (i) provides,
 The appeal shall be conducted by the court without a jury and shall be confined to the record. If alleged irregularities in procedure before the agency are not shown in the record or if facts necessary to establish aggrievement are not shown in the record, proof limited thereto may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs.
Conn. Practice Book Sec. 218 provides for discovery "(i)n any civil action, in any probate appeal, or in any administrative appeal where the court finds it reasonably probable that evidence outside the record will be required."
An appeal from an administrative tribunal should ordinarily be determined upon the record of that tribunal and only when that record fails to present the hearing in a manner sufficient for the determination of the merits of the appeal, or when some extraordinary reason requires it, should the court hear evidence. Leib v. Board of Examiners for Nursing, 177 Conn. 78, 92 (1979); see Tarasovic v. Zoning Commission, 147 Conn. 65, 69 (1959); see also, Billings v. Commission on Human Rights and Opportunities, 18 Conn. App. 241,244 (1989). The question of whether additional testimony should be taken calls for an exercise of the court's Legal discretion. Tarasovic, 147 Conn. at 69; Hlavati v. Board of Adjustment, 142 Conn. 659, 668 (1955).
The Court finds that it is reasonably probable that evidence outside the record will be required to aid the Court in determining whether Roland's alleged conduct constituted "irregularities in procedure before the agency" not shown in the record. The defendant's motion for a protective order is denied. CT Page 646
SCHEINBLUM, J.