[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Administrative appeal from a decision by the defendant Planning and Zoning Commission of the Town of Westport (hereinafter "Commission") which denied the Plaintiff's Application for Review of Coastal Site Plans.
FACTUAL BACKGROUND
On August 30, 1989, the Plaintiff, William R. Green, who is the owner of property known as 38 Canal Road, Westport, Connecticut, applied to the Defendant, Westport Planning and Zoning Commission, for a Coastal Site Plan Review of a proposed repair of the septic system for that property. The plaintiff had purchased the property in January, 1986, and shortly thereafter began renovations. The plaintiff discovered the septic system to he in serious disrepair but in light of a representation by the Director of Public Works that town sewer were to be installed in the near future, temporary repairs of the septic system were undertaken and completed. The repairs to the septic system were done according to a plan by Richard Bennett Associates dated August 18, 1986 and revised October 17, 1986. This plan was recommended for coastal site plan exemption pursuant to 31-8.5.1.2 of the Westport Zoning Regulations since it was deemed to be a repair of the existing system. Subsequently, the plaintiff was informed that the town had decided that sewers servicing his property would not be installed. The plaintiff then began plans to make the temporary repairs to the septic system permanent.
On August 28, 1989, the initial exemptions for coastal site plans by the Conservation Commission were extended. On August 29, 1989, one day after the extension of the exemptions, the plaintiff submitted further plans for alterations and replacement of the septic system. In a written memorandum dated September 5, 1989, addressed to the Planning Director, the Conservation Director noted:
 This new plan involves a proposal for work beyond the scope of the original permits and the intent of the 9/28/89 permit reissuance. The 1986 permit involved work on one property only: i.e., replacement of a failing septic system with a holding tank at 38 Canal Road. The plan submitted on August 29, 1989 involves work on more than one CT Page 1627 property and involves a new project: i.e., installation of a septic tank and pump chamber at 38 Canal Road, installation of a force main under Canal Road, and installation of a distribution box and two dry wells at 44 Canal Road (at the corner of Marsh Court and Canal Road).
 Therefore, the approvals pursuant to the Wetlands Regulations, the WPLO, and the CAM exemption as granted by this office on August 28, 1989 are null and void. (i.e. #AA-2981-89 and #CAM/E (2980-89).
 In addition, preliminary comparison of the 1975 aerial photographs and the 1983 Wetland Boundary Maps for this area with the plans submitted recently, indicated the possibility of filling and reduction of wetland area at 44 Canal Road without local wetlands permits. This matter needs further evaluation.
On September 6, 1989, the Conservation Director informed the plaintiff that, based on the above, the prior exemptions and recommendations were null and void and that a number of permits and approvals would be necessary for the project, including submission of a Coastal Site Plan Review to the Planning and Zoning Commission. Additionally, the Zoning Enforcement Officer issued a cease and desist order.
A hearing on the plaintiff's Application For Review of Coastal Site Plans was held before the Planning and Zoning Commission on February 26, 1990. At the hearing the Commission reviewed the available material including the Conservation Commission's prior approval of the plaintiff's application, plans submitted to the Commission, materials from the Department of Environmental Protection, and a report from the plaintiff's consultant. By a vote of 6 — 0 the Commission disapproved the plaintiff's application. A two page resolution, dated March 6, 1990, citing reasons for the disapproval was mailed to the plaintiff and notice of the Commission's denial published in Westport News on March 7, 190.
This appeal followed.
LEGAL DISCUSSION
I. AGGRIEVEMENT CT Page 1628
The Plaintiff, William R. Green, testified before this Court on October 25, 1991, that he was and is the owner of the subject property. This Court finds that the plaintiff is aggrieved as a result of the Commission's disapproval application. Therefore, the Court has jurisdiction over this administrative appeal.
II. JURISDICTION OF THE PLANNING AND ZONING COMMISSION.
The Connecticut General Statutes explicitly provide that certain site plans are subject to the Coastal Area Management review process. Connecticut General Statutes 22a-105 provides:
 (b) The following site plans, plans and applications for activities or projects to be located fully or partially within the coastal boundary and landward of the mean high water mark shall be defined as "coastal site plans" and shall be subject to the requirements of this chapter: (1) Site plans submitted to a zoning commission in accordance with section 22a-109, (2) Plans submitted to a planning commission for subdivision or resubdivision in accordance with section 8-25 or with any special act. (3) applications for a special exception or special permit submitted to a planning commission, zoning commission or zoning board of appeals in accordance with section 8-2 or with any special act; (4) applications for a variance submitted to a zoning board of appeals in accordance with subdivision (3) of section 8-6 or with any special act, and (5) a referral of a proposed municipal project to a planning commission in accordance with section 8-24 or with any special act. (Emphasis supplied.)
Plaintiff submitted his Application For Review of Coastal Site Plans to the Planning and Zoning Commission pursuant to Connecticut General Statutes Section 22a-109 which provides:
 Coastal site plans. Review. (a) A coastal site plan shall be filed with the municipal zoning commission to aid in determining the conformity of a proposed building, use, structure, or shoreline CT Page 1629 flood and erosion control structure as defined in subsection (c), fully or partially within the coastal boundary, with the specific provisions of the zoning regulations of the municipality and the provisions of sections 22a-105
and 22a-106, and in the case of shoreline flood and erosion control structures, the provisions of sections 22a-359 to 22a-363, inclusive, and any regulations adopted thereunder. A coastal site plan required under this section may be modified or denied if it fails to comply with the requirements already set forth in the zoning regulations of the municipality and, in addition, the coastal site plan may be modified. conditioned or denied in accordance with the procedures and criteria listed in sections 22a-105 and 22a-106. A coastal site plan for a shoreline flood and erosion control structure may be modified, conditioned or denied if it fails to comply with the requirements, standards and criteria of sections 22a-359 to 22a-363, inclusive, and any regulations adopted thereunder. Review of a coastal site plan under the requirements of this section shall supersede any review required by the municipality under subsection (g) of section 8-3 and shall be in addition to any applicable zoning regulations of any special district exercising zoning authority under special act. The provisions of this section shall not be construed to limit the authority of the commissioner of environmental protection under sections 22a-359 to 22a-363, inclusive. (emphasis supplied.)
The plaintiff's property is within the coastal boundaries of Westport. Although the initial work was deemed exempt for coastal site plan purposes, on September 6, 1989, the Conservation Commission informed the plaintiff that submission of a Coastal Site Plan Review, inter alia, would be required due to the "new plan" for work. The Plaintiff's first set of plans were exempt because they involved repairs on plaintiff's property only, and did not involve the installation of substantial additional equipment. The second set of plans CT Page 1630 involved excavation within 100 feet of tidal wetlands and required more extensive work which included property not owned by the plaintiff. Westport Zoning Regulations 31-8.5 provides:
Coastal Site Plan Requirements
 No use activity or project for which a Coastal Site Plan is required by Section 22a-105 (b) of CAM Act shall commence until a Coastal Site Plan has been approved by the Planning and Zoning Commission or the Zoning Board of Appeals, as applicable, in accordance with the requirements of Section 22a-105
through 22a-109 of the CAM Act.
Since the plaintiff's revised plans were not otherwise exempt, approval of the plaintiff's Coastal Site Plan by the Planning and Zoning Commission was required.
The plaintiff contends that since plaintiff's first set of plans had been deemed exempt, the Planning and Zoning Commission and the Conservation Commission could not reverse themselves by requiring that the plaintiff's second set of plans be subject to CAM review. Relying on Rocchi v. Zoning Board of Appeals,157 Conn. 106 (1968), the plaintiff argues that to allow such reversal would amount to a grant of "appellate review authority." However, Rocchi recognizes that a zoning board of appeals may reverse itself if "a change of circumstances intervenes which materially affects the merits of the case." Id. at 111.
The plaintiff's first plans were for the repair of the septic system on his property. The second plans called for extensive excavation and installation of equipment on plaintiff's property, on the property of another, and under the road. An administrative agency such as the Planning and Zoning Commission may reverse itself where there has been "a change in conditions or that other considerations materially affecting the merits of the subject matter had intervened and no vested rights had arisen." Mynyk v. Board of Zoning Appeals, 151 Conn. 34, 37
(1963): Shea v. State Employees' Retirement Commission,170 Conn. 610, 615-616 (1976).
Here, the requirement of a Coastal Site Plan review and approval by the Planning and Zoning Commission was fully justified based on the change in circumstances.
III. THE PLANNING AND ZONING COMMISSION'S DENIAL OF THE APPLICATION. CT Page 1631
The plaintiff argues that the Commission acted arbitrarily, in abuse of its discretion, and contrary to law when it decided to deny his application. As the plaintiff correctly points out, it is his burden to establish that the Commission acted arbitrarily, illegally or in abuse of its discretion. First Hartford Realty Corp. v. Planning Zoning Commission, 165 Conn. 533
(1973). It is not the function of this court to substitute its judgment for that of the Commission's and the Commission's decision should be upheld if it is reasonably supported by the record. Burnham v. Planning Zoning Commission, 189 Conn. 261,265 (1983). The question for this court to determine is whether or not the record before the Commission supported its denial of the application. Calandro v. Zoning Commission, 176 Conn. 439,440 (1979).
The plaintiff first complains that the Commission acted improperly because of a mistake on the notice of decision which indicated the participation and vote of one Commissioner who was not present at the hearing or vote. A commission member need not be present at the public hearing in order to vote as long as that member is sufficiently acquainted with the issues, evidence and arguments. Dana-Robin Corporation v. Common Council,166 Conn. 207, 216-217 (1974). In the present case, the actual vote of the Commission was 6 — 0 (with one member not sitting) to deny the plaintiff's application. The notice of decision mailed to the plaintiff indicated that the vote had been 7 — 0, with all members present. It is clear that the inclusion of the absent member's name was a clerical or transcriptional error. There was no resultant prejudice to the plaintiff. This Court declines to find that the technical error in the notice to the plaintiff amounts to illegal action by the Commission.
The plaintiff next complains that one document included in the return of record, an Exemption Form, Coastal Site Plan Review, signed by the Conservation Director and dated November 14, 1986. was improperly included in the return of record since it was not considered by the Commission. The plaintiff himself relied upon the same document earlier in his argument. While there may be some question as to whether the document was before the Commission and presented at the public hearing, there is little question that Commission members were aware of the prior acts of the plaintiff. Of course, there is authority for this Court to receive evidence to augment the record. Tarasovic v. Zoning Commission, 147 Conn. 65, 69 (1956). However, this Court believes that the questioned document itself was unnecessary to the Commission's determination and is unnecessary for this decision.
At a meeting held on February 26, 1990, the Commission CT Page 1632 voted to disapprove plaintiff's application for CAM site plan review to install the septic system. The Commission cited the following reasons:
 1. Failure to comply with Section 31-8.7.4 in that proposed development is inconsistent with the following CAM policies as identified in Section 22a-90 to 22a-112 of the Coastal Area Management Act.
 A. Policy Section 22(a)(2)): To preserve an enhance coastal resources in accordance with the policies established by Chapters 439 440, 447, 474, 474a and 477. Inconsistency: The proposed development will not enchance (sic) the coastal resources on or adjacent to the site.
 B. Policy (Section 22-92 (b)(2)(E)) "To preserve tidal wetlands and prevent the despoliation and destruction there of (sic,) in order to maintain their vital natural function; to encourage the rehabilitation and restoration of degraded tidal wetlands and where feasible and environmentally acceptable, to encourage the creation of wetlands for the purpose of shellfish and finfish management, habitat creation and dredge spoil disposal." Inconsistency: The effluent from the proposed septic system would contaminate the adjacent tidal wetlands.
 2. Pursuant to Section 22a-106, the following potential adverse impacts were found to be unacceptable.
 A. Section (22a-93 (15) (A)): Degrading water quality through the significant introduction into either coastal water or ground water suspended solids, nutrients, toxic heavy metals or pathogen or through the significant alteration of temperature, PH dissolved oxygen or salinity. The effluent from the septic system and leaching field will contaminate ground water and the waters of Long Island Sound.
 3. The purpose of the zoning regulation is to insure that development within the coastal area is accomplished in a manner that is consistent with CT Page 1633 the goals and policies of the CAM Act. This proposal is inconsistent with the cited goals and policies of the CAM Act and the zoning regulations of the town of Westport as the site in question is unsuitable for an on-site septic system.
The burden is on the plaintiff to show that the Commission's decision was unsupported by the evidence, and, therefore, arbitrary and illegal. Chucta v. Planning Zoning Commission,154 Conn. 393, 396-398 (1967).
Under Connecticut General Statutes 22a-106 (a), the "commission reviewing a coastal site plan shall determine whether or not the potential adverse impacts of the proposed activity on both coastal resources and future water-dependent development activities are acceptable." In the present case, under Connecticut General Statutes 106(c) the burden was on the plaintiff to demonstrate that the adverse impacts of the proposed septic system were acceptable and that such activity was consistent with the legislative goals and policies of the Coastal Management Act.
There was uncontradicted evidence before the Commission that under the guidelines contained in the Coastal Area Management's Planning Report #30, the placement of on-site septic systems within coastal hazard areas is inconsistent with the Coastal Management Act. The Department of Environmental Protection, Coastal Resources Management Division, had issued a report indicating that the residence was serviced by an antiquated holding tank and that the proposed sewage disposal system would ultimately result in decreased potential for adverse impacts to adjacent coastal resources. The report noted, however, that there would not have been support for this type of sewage system had the lot been previously undeveloped. The report also noted concern about the placement of the force main within the town road and alongside an existing culvert across tidal waters, which requires additional municipal and state approvals and permits. Additionally, the Commission had before it reports from the Conservation Commission outlining the potential adverse impacts on the environment which included the release of septic effluent into nearby Elbow Creek waters in the event of power failure or of a force main pipe break.
This Court finds that the reasons for the denial of the plaintiff's application were supported by the record. Although evidence favorable to the plaintiff's application was presented, it was the Commission's responsibility to weigh that evidence. Primerica v. Planning Zoning Commission, 211 Conn. 85, 96
(1989). The denial of the plaintiff's application should be sustained if supported by any one of the stated reasons. CT Page 1634 Goldberg v. Zoning Commission, 173 Conn. 23, 26 (1977). In the present case, there was evidentiary support for each reason for the denial of the plaintiff's application by the Commission.
Thus, the Commission's denial of the plaintiff's application was not arbitrary, contrary to law. or in abuse of its discretion.
CONCLUSION
Based on the foregoing, the plaintiff's appeal from the decision of the Planning and Zoning Commission of the Town of Westport which denied the Plaintiff's Application For Review of Coastal Site Plans is denied.
So ordered.
MICHAEL HARTMERE, JUDGE