[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON OBJECTION TO RECORD ON REVIEW (#125) AND MOTION FOR PROTECTIVE ORDER (#130)
Plaintiff filed an appeal to this court from a decision rendered by the Freedom of Information Commission, docket #FIC 92-219. Presently before the court is plaintiff's motion titled objection to record on review. Plaintiff asks the court to supplement the record of the administrative hearing that was provided to the court for purposes of appeal. Also before the court is a motion for protective order filed by the following defendants: CT Page 10744 Paul M. Shapiro, Ralph E. Urban, Assistant Attorneys General, State of Connecticut, Office of the Attorney General and State of Connecticut, Office of the Attorney General. The pro se plaintiff appeared and presented oral argument on these motions at Short Calendar on October 12, 1993, while the defendants failed to appear.
I. Plaintiff's Objection to Record on Review
Plaintiff asserts that at the December 21, 1992 FOIC hearing on docket #FIC 92-219, plaintiff, as complainant, attempted to introduce the following three documents into evidence: a July 25, 1990 Complainant Brief submitted by plaintiff in a prior related FOIC proceeding docket #FIC 90-148; the transcript of the FOIC proceeding docket #FIC 90-148 held on August 2, 1990; and an August 15, 1990 letter which plaintiff submitted as evidence in FOIC proceeding docket #FIC 90-148. Plaintiff's request to have these documents admitted into evidence was refused, however the hearing officer, Deane C. Avery, indicated that he would take administrative notice of each of these documents. The record presently before the court is replete with various references to the subject matter and contents of these documents, but none of the documents appear in the record.[1]
"Whether to take [administrative] notice of a fact is a function of the exercise of . . . discretion." Gemme v. Goldberg,31 Conn. App. 527, 538, 626 A.2d 318 (1993). A hearing officer may take administrative notice of facts. General Statutes 4-178 (6). The court finds that the referenced documents were administratively noticed by the hearing officer and should therefore be provided to this court as part of the record of that hearing. General statutes4-183 (g) (the court may require or permit subsequent corrections or additions to the record)
Plaintiff further asserts that at a February 24, 1993 FOIC hearing held in part to vote in final decision on docket #92-219, plaintiff presented oral objections to the proposed findings of the FOIC. Plaintiff claims that his oral objections were recorded, per his request, with the intention that such recording be included in the record. The court finds no indication that such a recording was made and further concludes that a recording of plaintiff's objections is not necessary for the purposes of appeal as plaintiff will have ample opportunity to make objections to the findings of the FOIC if his appeal to this court goes forward. CT Page 10745
Plaintiff's objection to record on review is granted as to his request that the record be supplemented with the three documents listed above. Plaintiff's objection is denied as to his request that a recording of his objections be provided for the record.
II. Motion for Protective Order
On April 18, 1993 plaintiff filed an appeal to this court from the decision of the FOIC in docket #FIC 92-219. On September 18, 1993 plaintiff served the defendants Shapiro and Urban and one nonparty with a series of interrogatories. The defendants move this court to issue an order under Practice Book 221 protecting them, and other non-defendants, from responding to interrogatories propounded on them by plaintiff.
221 Scope of Discovery — Protective Order
 Upon motion by a party from whom discovery is sought, and for good cause shown, the court may make an order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had . . .
Practice Book 221.
Defendants argue that because this action is before the court as an administrative appeal, discovery at this stage of the proceedings is not proper and is not permitted without a court order.
 An ordinary administrative appeal . . . is record oriented . . . an ordinary civil action is evidence oriented. The rules authorizing discovery are likewise evidence oriented. The rules of discovery are no more adapted to help a party in an ordinary administrative appeal than they are to help a party in an ordinary appeal to the Supreme Court. In both such appeals, the rights of the parties are determined by the record and not by any evidence which may thereafter be disclosed to them by discovery.
Hartford v. Public Utilities Commission, 30 Conn. Sup. 299, 301
(Court of Common Pleas, 1973). CT Page 10746
The plaintiff's administrative appeal before this court is pending. The record that the court will consider in deciding the appeal will be complete, upon receipt of the documents requested in section one above. Plaintiff's pursuit of information through interrogatories, or any other type of discovery, is not appropriate at this juncture. The defendants contend that plaintiff's purpose in propounding the interrogatories is to annoy, harass and oppress the defendants. This court makes no such finding but does agree with the defendants that they should not be compelled to answer.
Defendants' motion for an order protecting them and others from responding to interrogatories issued granted.
WALSH, JOHN, J.