[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court as an administrative appeal of a decision rendered by the Freedom of Information Commission, Docket No. FIC 92-219. The pro se plaintiff, Lamberto Lucarelli, has vigorously pressed his appeal before this court against the defendants, Paul M. Shapiro and Ralph E. Urban, Assistant Attorneys General, the State of Connecticut Office of the Attorney General, and the State of Connecticut Freedom of Information Commission ("FOIC"). Currently before the court are the following motions: Plaintiff's Motion to Strike the Answer of the defendants Attorneys General (# 135); Defendants' Opposition to the Motion to Strike (# 136); Plaintiff's Motion for Order of Compliance (# 133); and Plaintiff's Motion for Default (# 134).
The plaintiff moves this court to strike the answer of defendants Urban, Shapiro and the Office of the Attorney General, on the grounds that the answers provided are legally insufficient. Practice Book 160 provides that "[t]he defendant in his answer shall specially deny such allegations of the complaint as he intends in good faith to controvert, admitting the truth of the other allegations. . . ." Practice Book 162 requires that the express admissions or denials must be direct, precise and specific, and not argumentative, hypothetical or in the alternative." The court has reviewed the pleadings, and finds that the defendants' answer meets the requirements of the Practice Book. The court does not consider the answers to be evasive, since the defendants have admitted or denied each of the facts alleged in the plaintiff's complaint. The defendants are not obligated to provide a lengthy explanation of reasons or circumstances with regard to the pleaded facts, they are only required to admit or deny the allegations in order to frame the issues before the court. Moreover, the court can find no violation of Practice Book 108, 109, 109A, 154, 155 and 156 to the extent they are even applicable to the answer of the defendants. The motion to strike is denied.
The plaintiff also moves this court to, enter a default against the defendant FOIC for failure to respond to his request to revise filed on September 1, 1993. Practice Book 149 provides that "[a]ny such request . . . shall be deemed to have been automatically granted by the court on the date of filing and shall be complied with by the party to whom it is directed within thirty days of the date of filing the same, unless within thirty days of such filing the party to whom it is directed shall file objection thereto." The defendant FOIC did not file an objection CT Page 621 with the court until December 6, 1993, and therefore the request to revise was deemed automatically granted. The plaintiff now moves this court for a judgment of default against the defendant FOIC under Practice Book 363 for its failure to comply with the plaintiff's request to revise. See Rodriguez v. Mallory Battery Co., 188 Conn. 145, 448 A.2d 829 (1982). The FOIC has been dilatory in responding to the plaintiff's motions and noticeably absent from any short calendar arguments. The FOIC must comply with procedural requirements in the same manner as all other parties. This court hereby orders the defendant FOIC to comply with the plaintiff's request to revise on or before February 11, 1994. The court will not consider the motion for default until and unless the defendant fails to comply upon reclaim by the plaintiff.
The prosecution of this case has resulted in a proliferation of motions which have impeded the progress of this administrative appeal, and the failure of any of the defendants to appear before this court since July of 1993 has not been helpful in resolution of the situation. The court should not be placed in a position of filling in for absentee defendants, and will no longer allow this administrative appeal to proceed as if an atypical civil case. The procedure and record in an administrative appeal is limited by statute and case law, and the present case will not be treated differently. General Statutes 4-183 (i); see Leib v. Board of Examiners for Nursing, 177 Conn. 78, 92, 411 A.2d 42 (1979); Hartford v. Public Utilities Commission, 30 Conn. Sup. 299, 301,312 A.2d 316 (Court of Common Pleas 1973). At the present time it does not appear that evidence outside the record will be necessary for a determination of the appeal. General Statutes4-183 (h); see also Ierardi v. Commission on Human Rights 
Opportunities, 40 Conn. Sup. 293, 493 A.2d 925 (Super.Ct. 1985). However, in order to conclusively resolve this issue and all outstanding motions, the court hereby orders all named parties to the present appeal to appear before the court on Friday, February 4, 1994 at 9:15 a.m. . . .[1] After that time the court will set a date for the filing of the briefs. After briefs are filed the case will thereafter be referred to the Hon. John P. Maloney, Chief Administrative Judge for Administrative Appeals for assignment for trial on the merits.
Since September 3, 1991, it has been the policy that all administrative appeals from state agencies except sale tax appeals after the filing of briefs on the merits of the appeal are to be referred to the Chief Administrative Judge for CT Page 622 Administrative Appeals, John P. Maloney for assignment to a judge for hearing, trial and decision.
WALSH, JOHN J.