[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO ALLOW DISCOVERY (#102)
CT Page 9375
The present action is a zoning appeal brought by the plaintiffs, H.J.J., Inc., Sandler Worth, Inc., Dunkin Donuts, Inc., The Rustic Grotto, Inc., Carvel Corp. and Europa Food Emporium, Ltd., against the defendants, Fairfield Planning and Zoning Commission, Jon Nowitz, Deborah Sonnenschein and the McDonalds Corporation. The defendants, with the exception of the Commission, have filed a motion to allow discovery, dated August 1, 1994. The defendants seek the court's permission to depose each of the plaintiffs in this administrative appeal pursuant to General Statutes § 8-8(k).[1] The defendants state in their motion that "it is reasonably probable that evidence outside the record will be required concerning both the issues of aggrievement and to insure the equitable disposition of said appeal."
"`An appeal from an administrative tribunal should ordinarily be determined upon the record of that tribunal, and only when that record fails to present the hearing in a manner sufficient for the determination of the merits of the appeal, or when some extraordinary reason requires it, should the court hear evidence.Tarasovic v. Zoning Commission, 147 Conn. 65, 69, 157 A.2d 103
(1959).'" Levinson v. Board of Chiropractic Examiners, 211 Conn. 508,530, 560 A.2d 403 (1989). Moreover, the granting or denial of a discovery request rests in the sound discretion of the court. Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 57,459 A.2d 503 (1983). In short, "[d]iscovery is more limited in an administrative appeal than a conventional civil action. . . ." R R Pool Home v. Zoning Board of Appeals, Superior Court, judicial district of Danbury, Docket No. 308761 (October 2, 1992, Fuller, J.).
The defendants allege that they need to depose the plaintiffs for purposes of aggrievement. The plaintiffs have alleged in their complaint that they are statutorily aggrieved pursuant to General Statutes § 8-8(1), in that they are located within 100 feet of the affected property. The court denies the discovery motion concerning statutory aggrievement because it is reasonably probable that evidence outside the record will not be required to determine whether the plaintiffs are within 100 feet from the affected property.
The defendants' also allege in their motion that depositions CT Page 9376 of the plaintiffs are needed to insure equitable disposition of the appeal. The defendants have cited Landmarks Holding Corp. v.Bermant, 664 F.2d 891 (2d Cir. 1981), an appeal from summary judgment, in support of their motion. An antitrust case,Landmarks involves bad faith and abuse of the judicial process through groundless appeals, taken solely for anti-competitive purposes. Id., 897. The parties appealing in the Landmarks case knew that they lacked standing to appeal, but did so anyway in an effort to delay litigation and eliminate competition. Id., 893.
Conversely, the plaintiffs in the present case, aside from alleging statutory aggrievement, have alleged the grounds for their appeal, namely increased traffic and an increase in the potential for traffic accidents. Moreover, General Statutes § 8-8(b) provides in part that "any person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located." If the plaintiffs are aggrieved, then as a matter of law they have a right to appeal. The court can determine from the record whether the plaintiffs appeal is groundless.
Accordingly, the court denies the defendants' motion to allow discovery.
FORD, J.